Wooten *vs.* Inman.

---

CHARLES L. WOOTEN, plaintiff in error, *vs.* WILLIAM H. INMAN, defendant in error.

The transferee of a negotiable paper, who receives the same before it is due, cannot be affected by any agreement or understanding between other parties to the paper, unless notice of such agreement or understanding is brought home to the transferee.

Suit on a bill of exchange, in Catoosa Superior Court, tried before Judge DAWSON A. WALKER, at May Term 1861.

This was an action brought by William H. Inman, against Lewis C. Graddy, Thomas B. Wooten, and William J. Wooten, constituting the firm of T. B. Wooten & Co., as acceptors, and Justin C. Wells, as endorser, and Charles L. Wooten, as drawer, to recover the amount of a bill of exchange, drawn by the said Charles L. Wooten, addressed to the said firm of T. B. Wooten & Co., requesting them to pay

to the order of Justin C. Wells, the sum of $2,000 00. The bill was endorsed by the said Wells, and delivered to said Inman.

At May Term, 1860, the defendants confessed a judgment to the plaintiff for the amount of the bill of exchange sued on, reserving the right of appeal. From this confession of judgment, the said Charles L. Wooten alone appealed, and on the trial of the case on the appeal, a verdict was rendered in the plaintiff's favor for $2,000 00, principal, with interest and cost of suit.

Council for the defendant then moved for a new trial on the grounds :

1. That the verdict was against the evidence, and strongly and decidedly against the weight of the evidence in said case.

2. Because the Court erred in this, to-wit : after charging the jury, that "if Inman knew, at the time the bill sued on was deposited with him by Graddy, that the same was deposited as collateral security, for the payment of $1,000 00, shortly before that time drawn by Graddy for T. B. Wooten & Co., and for further advances on the faith thereof, to said T. B. Wooten & Co., not to exceed the sum of $2,000 00, the amount thereof, then the plaintiff had no right to appropriate the same to pay the individual indebtedness of the said Lewis C. Graddy to him," qualified said charge and added to the same, the following : " but the great point, and main question in this case is, did Inman, at the time the bill was deposited with him, understand that the same was deposited as collateral security for the payment of the individual indebtedness of Graddy, and the joint indebtedness of T. B. Wooten & Co., or the indebtedness of the latter only ? If the agreement between Inman and Graddy was, that this bill should secure the payment of both money due by Graddy, and by T. B. Wooten & Co., then the defendant, Charles L. Wooten would be liable for the amount of the draft, *provided* there was due to Inman, from Graddy, and from T. B. Wooten & Co., as much as the amount of the draft." The charge of the Court was much more elaborate than what is

here given, but the point of the charge objected to is sufficiently stated.

The new trial was refused, and the refusal is, the error alleged.

The *facts* developed by the evidence are fully stated in the opinion of the Court.

AKIN, for plaintiff in error.

McCONNELL & TRAMMEL, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

This case was unnecessarily complicated on the trial below ; and matter introduced wholly irrelevant, and calculated to confuse· as all irrelevant matter, whether in proof or in argument, always does.

T. B. Wooten & Co., of which firm Graddy was a partner, kept flouring mills. Graddy likewise· kept a mill of like kind on his individual account. Graddy was in the habit of buying wheat, both, on account of the firm, and his own account, getting the money to pay for it from Inman, and drawing on the flour which was forwarded to market, to reimburse the advances. Graddy transacted the whole business with Inman in his individual name. Being. indebted to Inman for past advances, Inman suggested, that to cover these advances and future ones also, Graddy had best furnish him with collateral security. Accordingly, Graddy procured a draft for $2,000, drawn by C. L. Wooten the defendant, on T. B. Wooten & Co., in favor of Wells, who endorsed the paper, and it was delivered to Inman. It is conceded that C. L. Wooten and Wells are mere accommodation parties. This is the instrument sued on. Shortly before the transaction, Graddy had drawn a $1,000 from Inman, which he says Inman knew was for T. B. Wooten & Co. Inman contends that the draft of C. L. Wooten covered the individual balances due by L. C. Graddy, as well as the balances due by T. B. Wooten & Co., whereas, Wooten insists that it was given to cover these latter balances only,

Wooten *vs.* Inman.

and that such was the understanding between him and Graddy, at the time he drew the paper. This being a nego- tiable paper, whatever may have been the understanding between Graddy and C. L. Wooten, unless knowledge of such agreement is brought home to Inman, he cannot be affected by it. Graddy is the witness relied on by the defendant. In his depositions he testifies to no such understanding; but his testimony rather leads to the contrary conclusion. Indeed he swears positively, that he did not know how Inman understood the transaction. True, at the close of his evidence, he says: "upon recapitulation, the substance of the conversation between Inman and himself was, that he had better get some collateral for the $1000 he had already drawn, and for what he was getting, as it took a good deal of money to run the mill, (meaning the mill of T. B. Wooten & Co.) This bill was to secure the payment of the $1000, and other money that might be got for that purpose. I stated the same to Wooten, at the time when I got him to sign the bill as drawn." It will be seen that this confused statement is not a " recapitulation " of what he had previously sworn, but is intended to be somewhat different. The jury chose to find in accordance with his previous explicit testimony, and the Court refused to disturb their verdict, and we will not interfere with the judgment of the Court.

Let the judgment be affirmed.