### 886.   WILKES *v.* POPE.

HILL, C. J.  1. The transferee of a negotiable paper who receives it before it is due can not be affected by any agreement or understanding between other parties to the paper, unless notice of such agreement or understanding is brought home to the transferee.  *Wooten* v. *Inman,* 33 *Ga.* 41.

2. If A signs his name to a blank note and delivers it to B, designating the payee to be filled in the note by B, A constitutes B his agent for that purpose, and A will be bound to a bona fide holder of the note who became such before maturity, although B violated the private understanding between A and himself with reference to the note. *Moody* v. *Threlkeld,* 13 *Ga.* 55.

3. The testimony of one whose name appears as the maker of a negotiable note, that he signed it as surety, with the understanding that another should sign as maker before the delivery of the note to the payee, the latter having no notice of such understanding, does not support a plea of non est factum, or constitute a defense as against a bona fide transferee for value before maturity.  *Cleghorn* v. *Robison,* 8 *Ga.* 559; *Benson* v. *Abbott,* 95 *Ga.* 75 (22 S. E. 127).        *Judgment affirmed.*

Complaint, from city court of Dublin—Judge Burch.   October 21, 1907.

Submitted February 5,—Decided March 16, 1908.

C. S. Pope sued W. W. Wilkes on a promissory note for $95.33 principal, appearing to have been executed by the defendant as sole maker, and payable to Emma Wilkes or bearer, which the plaintiff alleged had been transferred to him for value before maturity and without notice of any defense.  The defendant filed a plea of non est factum.  At the trial he admitted that he had signed the note; and he offered to testify that, having agreed with Charles Wilkes, the husband of Mrs. Emma Wilkes, to become accommodation security for her at the First National Bank of Dublin for $70, he signed it with the understanding that she was to sign it as principal, above his signature, and that it was to be filled in for the amount of $70 and be made payable to the bank, blank

spaces being left for that purpose; that "C. S. Pope, the transferee of the note, was not present when it was made," and, so far as the witness knew, did not have notice of these facts. The court excluded this testimony, on the grounds, that it did not appear that the plaintiff had notice of the facts stated, and that under the Civil Code, §3940, which provides that "when one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss," the defendant should not be heard to complain. There was no further testimony. The court directed a verdict in favor of the plaintiff; to which, as well as to the exclusion of the testimony offered, the defendant excepted.

*Earl Camp, George B. Davis,* for plaintiff in error.

*Peyton L. Wade,* contra.