## 4484.   WIKLE v. AVARY.

POTTLE, J. 1. The answer in this case, properly construed, does not allege that the minimum capital stock of the corporation therein referred to had not been subscribed.

2. No part of the capital stock of a corporation need be paid in before the charter is granted and the corporation begins business as a legal entity. *Bing* v. *Bank of Kingston*, 5 *Ga. App.* 578 (6), (63 S. E. 652).

3. The act of a corporation in selling and indorsing over to a third person a note, given in payment of a subscription to its capital stock, is not an exercise of "the privileges conferred by the charter," within the meaning of section 2823 (3) of the Civil Code of 1910.

4. A suit upon a note given in payment of a subscription to the capital stock in a corporation can not be defeated by proof that ten per cent. of the capital stock has not been paid in. The purpose of such a suit is to obtain a compliance with the provisions of the statute, so as to

enable the corporation to commence the exercise of the privileges conferred by the charter. *Branch* v. *Glass Works*, 95 *Ga.* 573 (23 S. E. 128).

5. To an action on a stock-subscription note it is no defense that the corporation has accepted from other subscribers, in payment of their subscriptions, property of a value less than the amount of such subscriptions.

6. There was no error in striking the answer and entering judgment for the plaintiff.                                    *Judgment affirmed.*

DECIDED JANUARY 22, 1913.

Complaint; from city court of Atlanta—Judge Reid. October 10, 1912.

*W. H. Terrell,* for plaintiff in error, cited: Civil Code (1910), §§ 2220, 2823; *Georgia Reports:* 32/273; 57/240; 73/437; 75/14; 83/471; 95/208, 573; 112/291; 115/968; 137/174; 138/120; 107/565; 135/616.

*Moore & Pomeroy,* contra, cited: Civil Code (1910), § 2226; *Georgia Reports:* 69/159; 71/106; 95/573 (2); 109/666 (3); 113/462; 115/978; *Ga. App. Rep.:* 5/580 (6); 3/73; 1 Mor. Priv. Corp. §§ 31, 1015.