## DORRIS et al. v. FARMERS AND MERCHANTS BANK.

ATKINSON, J. 1. Where the payee of a promissory note sells and delivers it to a bank before maturity, but omits to enter a written indorsement on the note or to make other written assignment thereof, legal title to the note will remain in the payee; and if, without obtaining any written transfer, the bank institutes suit on the note, the makers, notwithstanding the equitable title to the note may be in the bank, may set up any equities in their favor arising out of the transaction upon which the note was given. *Benson* v. *Abbott,* 95 *Ga.* 69 (22 S. E. 127).

(a) Failure of consideration of the note would be a defense available to the defendants under such circumstances.

(b) Where, in a suit on a promissory note payable to the order of a named person, it was alleged that the plaintiff, a bank, had purchased it before due and for value, but it was not alleged that it had been indorsed or assigned in writing to the bank, and the copy of the note attached to the petition did not show any such indorsement or assignment, and where the defendants did not controvert the right of the bank to bring a suit in its own name, but admitted that it was the holder, at the same time alleging that it had purchased the note with notice of a certain defense existing on behalf of the defendants against the original payee, which was pleaded, such admission did not preclude the defendants from showing the defense so set up.

2. The fact that, subsequently to the execution of the note and after the payee delivered it to the bank for the purpose of having it discounted, the cashier of the bank, without the knowledge and consent of the makers, procured a third person to sign a separate paper purporting to guarantee payment of the note, and attached the written guaranty to the note, would not alter the contract of the makers.

3. Under the pleadings and evidence, it was erroneous to exclude certain letters and testimony as complained of in the 4th, 5th, and 7th assignments of error, offered by the defendant, tending to show the contract upon which the note was founded, and failure of consideration.

4. Other evidence was properly rejected as irrelevant; and, except as indicated in the preceding notes, none of the rulings on the admissibility of

evidence were erroneous or of such character as to require elaboration.

5. On account of errors as mentioned in the second headnote, and in view of the pleadings and evidence submitted at the trial, it was erroneous to direct a verdict for the plaintiff.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*
NOVEMBER 11, 1915.

Complaint. Before Judge Patterson. Milton superior court. August 22, 1915.

*G. F. Gober, G. B. Walker,* and *J. Z. Foster,* for plaintiffs in error.

*C. L. Harris, N. A. Morris,* and *G. D. Anderson,* contra.