9313.  DORRIS *et al. v.* FARMERS & MERCHANTS BANK.

1. The court did not err in any of its rulings as complained of in the first amendment to the motion for a new trial.

(a) Remarks made by the trial judge in a colloquy with counsel, which counsel contend were of such a character as to prejudice the minds of the jury, should be excepted to at the time, and can not, after verdict, be made the basis of a ground of a motion for new trial.

2. All who deal with a corporation as such are estopped from denying its corporate existence.

(a) The execution of the note sued on was sufficiently proved, to render it admissible in evidence.

3. "The transferee of a negotiable paper who receives it before it is due can not be affected by any agreement or understanding between other parties to the paper, unless notice of such agreement or understanding is brought home to the transferee."

4. Under the rulings made when this case was before the Supreme Court (144 *Ga.* 233 (4)), the trial judge did not err in ruling out "a certified copy of certain proceedings before the railroad commission and the decision of the railroad commission thereon."

5. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded."

DECIDED JULY 12, 1918.

Complaint; from Milton superior court—Judge Pendleton presiding.  September 22, 1917.

*George F. Gober, G. B. Walker, W. I. Heyward,* for plaintiffs in error.

*C. L. Harris, H. L. Patterson,* contra.

BLOODWORTH, J.  After the decision of the Supreme Court in this case as reported in 144 *Ga.* 233, the plaintiff amended his petition by alleging that the note sued on was indorsed "Roswell Construction Company, by J. L. Murphy, Treas.," and by further alleging that "said note was indorsed to petitioner by the Roswell Construction Company, and before petitioner purchased the same it was indorsed by the Roswell Construction Company as follows: Roswell Construction Company, by J. L. Murphy, Treas." Defendants amended their plea as follows: "These defendants charge and allege: that the indorsement and transfer on said note sued on by J. L. Murphy, treasurer of the Roswell Construction Company, to plaintiff was unauthorized, and that said J. L. Murphy

·did not have the power or authority under the by-laws or the charter of said company to transfer said paper by ·indorsing the same in the manner and form as set forth on said note. Defendants deny the title of plaintiff to said note, and deny both the genuineness and legality of the indorsement of the Roswell Construction Company on the back thereof, and deny that the said indorsement was authorized by said company, and deny that the title to said note has ever passed out of said company, and [say] that the indorsement [.was] not the indorsement of the Roswell Construction Company. Defendants say that J. L. Murphy had no power or authority to indorse the note of the Roswell Construction Company, for the reason that the Roswell Construction Company was never legally organized; that the ten per cent. of the capital stock was not paid in; therefore they had no right or authority to transact any business whatever. Defendants, for further plea, say that, the Roswell Construction Company never having been legally organized, there could be no board of directors who would .have power or authority to elect a board of directors or secretary or treasurer who under the law would or could have power or authority to make any contracts in the name of the Roswell Construction Company, or to sell or to transfer any note or contract made payable to the Roswell Construction Company. For further plea these defendants deny that the note sued on, payable to ·the Roswell Construction Company, was ever legally sold and the title thereto transferred to the Farmers & Merchants Bank, and that the said plaintiffs have no right or title to the note sued .upon."

The evidence showed: that Dorris and Reece executed an ordinary promissory note payable to the order of Roswell Construction Company; that the treasurer of the payee was endeavoring to discount the note to the plaintiff, and J. P. Brooke, one of the defendants, who at that time had no connection with the note, told the cashier of the bank that the makers were "good men and that their note was absolutely gilt-edge;" whereupon the cashier said: "You don't mind indorsing it then?" Brooke said "No," and thereupon signed an agreement as follows: "For value received I hereby guarantee the payment of the within note and any renewal of the same, said note being for the principal sum of $1,-000.00, bearing interest at 8% and ·payable to the Roswell Construction Co., or order, on ·Nov. 1, 1911, signed by J. L. Dorris

and J. C. Reece, in force and effect as a joint maker primarily liable thereon. This the 1st day of April, 1911." The bank then traded for the note, issued a certificate of deposit payable to the Roswell Construction Company, and delivered this certificate to the treasurer of the company, and "the Roswell Construction Company got the money." Upon failure to pay the note suit was brought, and, after the evidence was all in, the judge directed a verdict for the plaintiff. The defendants excepted.

1. The court committed no error in its rulings complained of in the first ground of the amendment to the motion for new trial. Although the by-laws of the company were not introduced to show the authority of the treasurer to transfer the note sued on, yet, without objection, it was shown that the company received the money from the discount of the note, that the money was turned into the treasury and used for the purposes of the company, and that the treasurer "transacted business for the company of that kind." Under these circumstances the company itself could not receive and retain the proceeds of the note, and then repudiate the act of its treasurer. "Aggregate corporations at this day usually contract through the intervention of agents duly authorized for this purpose. 10 Mass. R. 397; 1 N. & M. 231; 8 Conn. 191. A contract or promise by a corporation need not always be made or proved by express vote, but may be implied from corporate acts. 7 Greenleaf, 118. A contract or promise of a corporation is implied by law, from the authorized acts of their agents. 3 Halstead, 182; 8 Pick. 178. If a person, assuming to act as agent, but without legal authority, make a contract, and the corporation receive the benefit of it, such acts will ratify the contract and render the corporation liable thereon. 1 Pick. 372; 19 Johns, 60. The foregoing are now assumed as axiomatic propositions, and are conclusive upon this view of the subject." *Butts* v. *Cuthbertson*, 6 *Ga.* 166, 171. If, under the circumstances stated above, the corporation was bound and could not complain that the transfer was illegal and unauthorized, it follows that under the facts of this case the court did not err in allowing the person representing the corporation as "treasurer" to testify that he was treasurer of the company, transacted business of that kind for the company, and that the Roswell Construction Company received and used the money realized from the discount of the note.

(*a*) In the same ground of the motion for a new trial it is urged that. in a colloquy with counsel the court erred in saying, "I think the treasurer of the corporation could transfer its obligations." It does not appear from the record that any exception to this remark was taken when it was made. Such questions can not be raised for the first time in a motion for new trial. *Freeman* v. *Petty*, 22 *Ga. App.* 199 (95 S. E. 737) ; *Perdue* v. *State*, 135 *Ga.* 277 (69 S. E. 184).

2. It is alleged that the court erred in admitting in evidence the note sued on, which was indorsed as follows: "Roswell Construction Company, by J. L. Murphy, Treas." The objections were: "Because the evidence showed that the Roswell Construction Company had a capital stock of $200,000 and not one dollar of it had ever been paid in; also that the Atlanta and Northeastern Railroad Company had a capital stock of $420,000 and not one dollar of that had ever been paid in, and these corporations and each of them had no right to do business, and that the transfer of this note in a business way was the doing of a business, and that for this reason said note should be excluded, there having been filed a plea of non est factum as to the indorsement upon the note. Defendants objected to the introduction of said note with the indorsement thereon, for the reason that the indorsement was the 'Roswell Construction Company, by J. L. Murphy, Treas.,' and the plaintiffs had not shown any authority on his part to indorse said note and make said transfer, and had not shown any by-laws authorizing him to make such transfer and indorse said note, and the mere fact that he signed as treasurer did not give him the implied authority to make said transfer, his right and authority to transfer said note having been denied on oath by a plea of non est factum denying his authority to make such transfer, and movants insist that for each and all of these reasons the court committed error in admitting said note in evidence." The latter proposition is the same as that discussed in the first division of this opinion. The Atlanta and Northeastern Railroad Company seems to have had nothing to do with the transaction in question; and the defendants, having dealt with the Roswell Construction Company as a corporation, are estopped from denying its corporate existence. Civil Code (1910), § 2226; *Edenfield* v. *Bank of Millen*, 7 *Ga. App.* 645 (3), 648 (67 S. E. 896). The

execution of the note was sufficiently proved to admit it in evidence. *Christie* v. *Shingler,* 10 *Ga. App.* 529 (78 S. E. 751). See also *Wikle* v. *Avary,* 12 *Ga. App.* 148 (76 S. E. 1039); *Brown* v. *Bank of Cumming,* 144 *Ga.* 655 (87 S. E. 887).

3. The court did not err in rejecting as evidence a certain contract between the Roswell Construction Company and Dorris and Reece, there being no evidence whatever that the Farmers & Merchants Bank had notice of the agreement, either at or before the time it purchased the note. "The transferee of a negotiable paper who receives it before it is due can not be affected by any agreement or understanding between other parties to the paper, unless notice of such agreement or understanding is brought home to the transferee. *Wooten* v. *Inman,* 33 *Ga.* 41. If A signs his name to a blank note and delivers it to B, designating the payee to be filled in the note by B, A constitutes B his agent for that purpose, and A will be bound to a bona fide holder of the note who became such before maturity, although B violated the private understanding between A and himself with reference to the note. *Moody* v. *Threlkeld,* 13 *Ga.* 55." *Wilkes* v. *Pope,* 4 *Ga. App.* 36 (60 S. E. 823); *Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 170, 186 (86 S. E. 434).

4. The court did not err in ruling out "a certified copy of certain proceedings before the railroad commission, and the decision of the railroad commission thereon, the same being an application on the part of the Atlanta Northeastern Railroad Company to issue bonds and which said application was signed by J. L. Murphy, and sworn to by him, and the said Murphy having been upon the stand as a witness for the plaintiff in the instant case." *Dorris* v. *Farmers & Merchants Bank,* 144 *Ga.* 233 (4) (86 S. E. 1093).

5. The trial judge did not err in directing a verdict for the plaintiff. " 'The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded.' *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 [35 S. E. 777]." *Shedd* v. *Standard Sewing Machine Co.,* 21 *Ga. App.* 373 (94 S. E. 646).

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*