### 11084.   HART *v.* METROPOLITAN DISCOUNT CO.

LUKE, J.   1. Testimony of one whose name appears as the maker of a negotiable instrument, that he signed and delivered it without filling

various blanks therein, and with the understanding that the blanks would not be filled until he should consent to the completion of the instrument and its use, and that thereafter, without his knowledge or consent, the blanks were filled in, would not support a plea of non est factum, or constitute a valid defense against à bona fide transferee for value and before maturity.

(a) When one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss. Civil Code (1910), § 4537. See *Hancock* v. *Empire Cotton Oil Co.*, 17 *Ga. App.* 170 (86 S. E. 434).

2. The transferee of a negotiable paper who receives it before it is due can not be affected by any agreement or understanding between other parties to the paper, unless notice of such agreement or understanding is brought home to the transferee.

3. The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded. See *Dorris* v. *Farmers & Merchants Bank*, 22 *Ga. App.* 514 (96 S. E. 450), and cit.

4. The evidence demanded the verdict directed.

       *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
       DECIDED MARCH 2, 1920.

Complaint; from Marion superior court—Judge Howard. October 27, 1919.

*T. B. Rainey,* for plaintiff in error. *John C. Butt,* contra.