### 11089.   STANFIELD *et al. v.* McCONNON & CO.

1. The demurrers to the petition as amended were properly overruled.

(*a*)  "A surety may be sued separately from his principal (Civil Code of 1910, § 3559), and it is immaterial, under the facts of this case, whether the defendant in the lower court be treated as a guarantor or as a surety."

(*b*)  Where four persons sign an agreement, it can make no difference as to their liability that two of them sign as "sureties" and two as "guarantors." It is not what they call themselves in signing the paper, but what the agreement and the facts make them that fixes their legal liability.

(*c*)  A surety can be sued without joining his principal, and a guarantor can not be sued jointly with the principal debtor.

2. The court did not err in directing a verdict for the plaintiff.

DECIDED APRIL 14, 1920.

Complaint; from Chattooga superior court — Judge Wright. September 11, 1919.

On March 31, 1915, a contract was entered into in which McConnon & Company agreed to sell to George W. Parker certain "medicines, extracts and other articles manufactured by" McConnon & Company. Attached to the contract was the following agreement:

"In consideration of the sum of one dollar to us severally in hand paid by McConnon & Company, the receipt whereof is hereby acknowledged, and the execution of the within agreement by said company, and the sale and delivery by it to the party of the second part, of its medicines and other articles, we, the undersigned, securities, do hereby jointly and severally promise and guarantee the full and complete payment of said medicines, extracts and other articles, at the time and place and in the manner as in said agreement provided.

| "L. M. Murphey.  (Seal.) | L. B. Stanfield.   (Seal.) |
|---|---|
| "Surety sign here. | M. A. Kellett.  (Seal.) |
| "D. P. Henley.  (Seal.) | (Guarantors sign in ink on |
| "Surety sign here. | above lines.) " |

McConnon & Company sued Stanfield, Kellett, Murphey, and Henley, alleging in part: "Petitioner shows that heretofore, to wit, on the 31st day of March, 1915, your petitioner entered into, a contract with one George W. Parker, then a resident of said State and county, under which your petitioner undertook to sell

to the said Parker certain wares, goods, and merchandise, which the said Parker agreed to pay for in accordance with the terms of said contract, a copy of said contract being hereto attached, marked Exhibit A, and made a part of this petition. Petitioner shows that the defendants hereinbefore named thereupon executed to your petitioner a contract of guaranty or suretyship, guaranteeing to your petitioner the payment for all goods, wares, and merchandise sold to said Parker under said contract, a copy of said contract of guaranty or suretyship being hereto attached, marked Exhibit B, and made a part of this petition. Your petitioner shows, that, acting upon said contract with said Parker and upon said guaranty and suretyship of said defendants herein, your petitioner sold and delivered to said Parker goods, wares, and merchandise in the sum of $202.63; that the said Parker has paid thereon the sum of $18.00, leaving a balance due your petitioner in the sum of $184.63, which said Parker fails and refuses to pay, and for which said amount said defendants are indebted to your petitioner, under their said contract, by reason of the default of the said Parker to pay said amount; a copy of said account being hereto attached, marked Exhibit C, and made a part of this petition. Petitioner shows, that it has fully complied with the terms of said contract with the said George W. Parker, and also with the defendants in this case; that it has made demand for the payment of said amount, but that said amount remains due and unpaid. Petitioner shows, that it is thought that said Parker is not now a resident of said State and county, and his whereabouts are unknown to your petitioner, though your petitioner is advised and believes that he is now a non-resident of the State of Georgia and without the jurisdiction of this court." Demurrers to the petition were filed, and after it had been amended to meet one of the special demurrers the demurrers were overruled and the case proceeded to trial.

The plaintiffs tendered in evidence certain interrogatories executed in the State of Minnesota. To the reading of these interrogatories to the jury the defendants filed written objections, and also "orally objected to the introduction of said depositions, upon the following constitutional grounds: that the introduction of the same would contravene and deprive defendants of their rights under sections 5699, 5700, 5701, and upon the gen-

eral ground that the act providing for the taking of such deposi-tions out of the State by notary public upon the mere notice to be present at the place in a foreign State and upon the day men-tioned is contrary to public policy." These objections were over-ruled. When all the evidence was in, the court directed a verdict for the plaintiff. The defendants excepted.

*Wesley Shropshire,* for plaintiffs in error.

*John D. & E. S. Taylor, Denny & Wright,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

Because of the constitutional question sought to be raised, this case was originally transmitted to the Supreme Court. That court ordered that the case be transferred to this court. This elimi-nates the constitutional question and leaves for us the determi-nation of two questions only.

1. Were the demurrers to the petition properly overruled?-Yes. Only three points raised by the demurrers require consid-eration. The other grounds are all covered by these three, except what is set up in the amendment to the demurrer, and that em-braces matter for plea and not for demurrer.

(*a*) The demurrer to the 4th paragraph of the petition alleges that "said paragraph fails to distinctly set forth whether the con-tract is one of guaranty or suretyship, but alleges that it is one or the other," and the "plaintiff should declare in his petition dis-tinctly whether the said contract is one of guaranty or one of surety. It can not be both." Suit was not brought against Par-ker, the party who signed the original contract and who purchased the goods for which payment is being sought, but against those only who signed the agreement copied in the foregoing statement of facts. The question to be determined is whether the plaintiff is entitled to recover against the defendants upon the cause of action set forth in the petition. Under the facts of this case it can make no difference whether those who signed the agreement be treated as guarantors or sureties. "A surety may be sued separately from his principal (Civil Code, § 3559), and it is immaterial, under the facts of this case, whether the defendant in the lower court be treated as a guarantor or as a surety. *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977)". *Amos* v. *Continental Trust Co.,* 22 *Ga. App.* 348 (2) (95 S. E. 1025). In *Small Co.* v. *Claxton,* supra, Judge Hill said: "Considering these excerpts from the opinions

of these two able jurists, we are led to the conclusion, that while there is a distinction between these two classes of contracts, it is a distinction without a very substantial difference, in so far as liability is concerned. It makes no sort of difference whether the consideration of the contract is a benefit flowing to the maker, to the third party for whose benefit the contract was made, or results in an injury to the promisee. In either event the *substance* of the contract is the same, and the maker thereof undertakes to pay the debt if it is not paid by the party for whose benefit the contract was made, whether it be a guaranty or a suretyship. The contract in this case, following the distinctions above given, seems to combine some of the elements of suretyship, and some of guaranty. It is entirely separate from the obligation of the principal debtors who bought the goods from the plaintiff, but it was made for a consideration flowing, not to the maker, but to the parties for whose benefit the contract was made. It is perfectly clear that the maker would be bound in either case, if the other allegations in the petition of the plaintiff are proved. *Sims* v. *Clark,* 91 *Ga.* 302 [18 S. E. 158]. We have little sympathy with artificial distinctions between principles of law which present no substantial difference as to matters of right and justice, which tend to confuse rather than to enlighten, and to furnish loopholes for technical escapes from contract obligations. The important question in the case now under consideration is whether the writing is a valid written obligation, it being wholly immaterial, in determining this question, whether the maker of the obligation is bound as surety or guarantor." See also *Johnson* v. *Georgia Fertilizer & Oil Co.,* 21 *Ga. App.* 530 (3) (94 S. E. 850).

· (b)    It is further urged by demurrer that two of those who signed the agreement signed as "sureties" and two as "guarantors," and that in no event can they be sued jointly. It can make no difference in their liability that two of them designated themselves as "sureties" and two as "guarantors." It is not what they call themselves in signing the contract, but what the agreement and the facts make them that fixes their liability. See in this connection *Callaway* v. *Harrold,* 61 *Ga.* 112 (2). In this case all four of the defendants signed the same agreement, and all are liable alike, whether it be as surety or guarantor.

(c)    The seventh ground of the demurrer is as follows: "The

.contract as sued upon shows upon its face that plaintiff can not recover of defendants without first securing a judgment and ascertaining as against said Parker what amount is due, and without first exhausing the principal, the said Parker." There is no merit in this contention. If the defendants are sureties it is well settled that a surety can be sued without joining the principal. See Civil Code (1910), §§ 3553, 3559; *Johnson* v. *Georgia Fertilizer & Oil Co.,* supra, and cit. If they are guarantors it is fully as well settled that they can not be sued jointly with the principal debtor (*Sims* v. *Clark,* 91 *Ga.* 302 (1), 18 S. E. 158; *Holmes* v. *Schwab,* 141 *Ga.* 44 (3), 80 S. E. 414; *Ga. Casualty Co.* v. *Dixie Trust & Security Co.,* 23 *Ga. App.* 447 (2), 98 S. E. 414) ; that " it is not necessary that the creditor should obtain a judgment against the original debtor before suit against a guarantor." (*Kalmon* v. *Scarboro,* 11 *Ga. App.* 547 (3), 552, 75 S. E. 846) ; and that the solvency or insolvency of the original undertakers in such a suit is not material. *Penn Tobacco Co.* v. *Leman,* 109 *Ga.* 428 (2) (34 S. E. 679).

2. Did the court err in directing a verdict for the plaintiff? This question we must answer in the negative. " The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Dorris* v. *Farmers & Merchants Bank,* 22 *Ga. App.* 514 (5), 518 (5) (96 S. E. 450, and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*