19492. NATIONAL CITY BANK OF ROME *v.* WHITTIER *et al.*

STEPHENS, J. 1. The consideration for the execution of a note by one as maker may flow to a person other than the maker. The mere fact that upon the execution of a note by a number of persons as makers the money for which the note was given was, by consent of all the obligors, paid to some of the obligors only does not, without more, authorize an inference that the debt represented by the note is that solely of the persons to whom the money is actually paid, and that the obligors on the note to whom the money was not paid were sureties only for the other obligors.

2. In order to establish as a fact that the ostensible maker of a promissory note executed the note as surety only, and not as a principal, it must be shown that the payee contracted with him as a surety; and where the payee did not at the time know that the person signing the note was obligating himself for the payment of the debt of another, it is not established that the payee contracted with the obligor as a surety.

3. Where the consideration of a promissory note executed by a number of persons ostensibly as the makers thereof consisted of a sum of money which the payee, which was a bank, paid to only some of the makers, who, with knowledge by the payee, constituted a mercantile partnership

and expected to use the money for the purpose of paying the debts of the partnership, including a note which the payee held against the partnership, the debt could nevertheless be that of all the makers, and was not necessarily a debt only of the makers of the note who received the money from the payee, or a debt only of the partnership. Where it does not appear that the indebtedness was in fact not an indebtedness of the makers of the note to whom the money was not paid, and where it does not appear that the payee bank had any knowledge of the fact that the indebtedness was not that of all the makers of the note, there is no evidence to authorize the inference that the contract with the makers of the note to whom the money was not paid was a contract of suretyship.

4. Where two of several ostensible makers of a promissory note plead in defense to a suit against them on the note, that they executed the note as sureties and not as makers, and that at the time they were married women, and their contract of suretyship was for this reason void, the burden is upon them to sustain their plea by a preponderance of the evidence; and where there is no evidence that they contracted with the payee of the note as sureties, the verdict finding in favor of the defendant's pleas of suretyship is unauthorized and contrary to law.

5. The verdict for the defendants not being supported by the evidence, it was error to overrule the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 1, 1930.

*Willingham, Wright & Covington,* for plaintiff.
*Maddox, Mathews & Owens,* for defendants.

JENKINS, P. J., concurring specially. It appears to me that it was a question of fact in this case whether the two defendants were merely sureties, and, if so, whether, under all the surrounding facts and circumstances, the plaintiff bank was aware of that fact. While I do not, therefore, agree with all that is said in the majority opinion, I do think that the charge of the court wherein he stated that the only question for the jury's determination was whether the plaintiff in this case, the bank, knew or had reason to know that the defendants, Mrs. Neal and Mrs. Whittier, signed the note as sureties, amounted to an expression of opinion upon the first of these issues of fact; and for this reason I concur in the judgment.