BUTLER *v.* THE STATE.

RUSSELL, Chief Justice. 1. The amendment to the motion for new trial, though purporting to contain grounds numbered one and two, raises only the question whether or not one of the jurors who convicted the defendant was disqualified by reason of prejudice or bias, which fact was unknown to the defendant or his counsel until after the trial. Upon the hearing of the motion the evidence on this point was in conflict, and involved the comparative credibility of the witnesses for the movant and the State. Under a well-settled rule, this question of credibility rested with the trial judge, and there is nothing in the record to show that there was any abuse of discretion.

2. The motion for new trial attacks the verdict also on the general grounds, and it is insisted that the evidence did not authorize a verdict against the defendant for any offense more grave than that of voluntary manslaughter. There being evidence submitted to the jury that before the mortal blow was struck, and for more than thirty feet, the deceased was retreating from the accused, begging that the accused should not cut him with a knife, the verdict finding the defendant guilty of murder was authorized. The court did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*

No. 12291. SEPTEMBER 15, 1938.

*Willis Smith* and *Earl Staples,* for plaintiff in error.

*M. J. Yeomans,* attorney-general, *W. Y. Atkinson,* solicitor-general, *Boykin & Boykin, E. G. Arnall,* and *E. J. Clower,* contra.