33122. SEABOLT *v.* CHRISTIAN.

Decided June 21, 1950. Rehearing denied July 26, 1950.

*Weir S. Gaillard*, for plaintiff in error.

*J. F. Pruitt, Everett C. Brannon, Herman J. Spence*, contra.

GARDNER, J. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. Where there are no material issues of fact, it is proper for the trial judge to direct a verdict in favor óf the party entitled thereto under the evidence submitted. *Lott-Lewis Co.* v. *Bingham-Hewett Grain Co.*, 28 *Ga. App.* 728 (113 S. E. 222). The mere fact that there are conflicts in the testimony does not render the direction of the verdict erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable

view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded. *Dorris v. Farmers & Merchants Bank*, 22 *Ga. App.* 514, 518 (5) (96 S. E. 450), and cit; *Stanfield v. McConnon & Co.*, 25 *Ga. App.* 226, 230 (2) (102 S. E. 908).

This contract, whether in writing or not, and whether the transaction for this timber was for cash or not, was a valid one. There is no dispute about its having been entered into. The evidence demanded a finding that this contract was entered into and that the defendant had cut and sold the timber—the subject-matter of the contract. No other finding could have been made by the jury under the evidence but that the plaintiff sold or agreed to sell this timber for $300 and that the defendant had paid the plaintiff only $100 of this amount, although it appeared that he had cut and sold the timber. There was no dispute as to any material facts in the evidence. The situation was not one where the defendant could set up the statute of frauds (Code §§ 20-401 (4), 20-402). While it is true that a contract for the sale of standing timber is one involving an interest in lands where such timber is to remain standing for a fixed period of time, this is not the rule where the timber is to be cut and sawed into lumber without appreciable delay after the sale. See *Graham v. West*, 126 *Ga.* 624 (55 S. E. 931); *Pope v. Barnett*, 45 *Ga. App.* 59 (163 S. E. 517).

Under the facts it appears that with the exception of payment by the defendant to the plaintiff of the balance of $200 due for this timber, the amount sued for, this contract has been fully performed and executed by both parties thereto. The timber had been delivered and the plaintiff had been paid $100 of the purchase-price agreed on, and the defendant had cut and sold the timber and had moved his sawmill.

There was no error in the court's refusing the defendant's motion, made at the conclusion of the plaintiff's evidence, for a nonsuit. The plaintiff made a prima facie case to the effect that the defendant was due him $200 balance on the purchase-price of certain growing timber. There is no merit in the contention that the plaintiff's proof failed to show that the defendant owed him $200 on account and that the plaintiff's remedy, if any, would be to sue the defendant for the damages arising out of a

breach of the contract by the defendant. The plaintiff sold the defendant the timber. The defendant accepted the timber, paying only a part of the purchase-price thereof. The plaintiff could properly sue the defendant for the $200 balance of the purchase-price.

There is nothing in the case of *Pope* v. *Barnett*, supra, and in *Blue* v. *Ford*, 12 *Ga.* 45, and other decisions referred to by the defendant to the contrary of the rulings made in the present case.

It follows from what has been stated above that the trial judge did not err in directing a verdict in favor of the plaintiff. Under the evidence a verdict for the plaintiff was the only verdict that would stand.

The trial judge did not err in overruling the defendant's motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*