### 34465. LATHAM *v.* DUKE.

Decided January 27, 1953.

*McCall & Griffis*, for plaintiff in error.

*Wright & English*, contra.

GARDNER, P. J. There is only one question for determination under this record, and that is whether or not there was sufficient evidence to authorize the jury to return a verdict for the defendant. While he prayed for a judgment for one-half of the losses against the plaintiff and for an accounting, the verdict rendered was to the effect that the defendant was not liable to the plaintiff for the damages sought. Did the evidence before the jury demand a finding that the defendant, L. L. Duke, had breached

the agreement between himself and the plaintiff and was, therefore, liable to the plaintiff for whatever damages directly flowed from the alleged breach? We do not think that the evidence demands a verdict supporting the pleadings and contentions of Latham, in his petition relative to the contract and the defendant's alleged breach thereof and consequent injury and damage to the plaintiff. The evidence was contradictory and in sharp conflict as to the salient and material issues involved; and this being so, the question was one for the jury. They were the sole arbiters of the facts, and they were at liberty to believe the defendant and disbelieve the version given by the plaintiff in his testimony. Where there is a conflict in the evidence, it is the exclusive prerogative of the jury to determine the credibility of the witnesses who appear and testify before them; and the appellate court will not reverse the judgment of the trial judge in overruling the motion for a new trial, which is based entirely on the general grounds. See *Moss* v. *Moss*, 169 *Ga.* 734 (151 S. E. 506). This court is one for the correction of errors of law alone, and therefore has no jurisdiction of errors of fact, and will not grant a new trial on the ground that the verdict is contrary to the evidence if there is any evidence at all to support it. See *Edge* v. *Thomas*, 9 *Ga. App.* 559 (71 S. E. 875). "The weight to be given the evidence is a matter left to the jury; and a verdict based on conflicting evidence will not be disturbed when the evidence reasonably tends to support it." *Piedmont Hospital* v. *Anderson*, 65 *Ga. App.* 491 (4) (16 S. E. 2d, 90). The jury heard the testimony of the plaintiff as well as that of the defendant, and they were at liberty to believe that version of the performance of this agreement they saw fit—that which they believed to be the most credible. The conflict in the evidence related to whether there had been a wrongful failure and refusal on the defendant's part to perform this contract, that is, failure and refusal to carry on the operation of this chicken-farm business with the plaintiff, as a result of which failure and refusal to properly perform such agreement to operate this business the defendant damaged the plaintiff. The jury found that there had not been such a failure and refusal by the defendant. It is true that, where two or more persons make a parol agreement to enter into a contract to form a partnership and operate

a business, and one of them wrongfully and without justification fails and refuses to comply with his part of the agreement, the other party has a right of action against him for a breach thereof, and may recover such damages as are sustained by and result from such breach. See *Lane* v. *Lodge,* 139 *Ga.* 93, 98 (76 S. E. 874), citing *Mann* v. *Bowen,* 85 *Ga.* 616 (11 S. E. 862). However, the evidence here does not demand a finding that the defendant wrongfully refused to continue the operation of this business to the plaintiff's consequent injury and damage, as contended.

The verdict was authorized by the evidence, and the motion for a new trial being on the general or statutory grounds only, the court did not commit error in denying a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*