43130. NORTHCUTT et al. v. CROWE.

ARGUED OCTOBER 5, 1967—DECIDED NOVEMBER 21, 1967.

*John C. Tyler,* for appellants.

*Grant, Spears & Duckworth, William H. Duckworth, Jr., Robert W. Spears,* for appellee.

QUILLIAN, Judge. Since the point here raised is tantamount to the general grounds of a motion for new trial, the rule is applicable that the court will not grant a new trial on the ground that the verdict is contrary to the evidence, if there is any evidence at all to support it. *Hixon v. Callaway,* 5 Ga. App. 415 (2) (63 SE 518); *Stallings v. Britt,* 204 Ga. 250 (3) (49 SE2d 517). In the absence of legal error, an appellate court has no jurisdiction to interfere with a verdict supported with some evidence, even though the verdict was against the preponderance of evidence. *Black v. Duncan,* 79 Ga. App. 342 (53 SE2d 726); *Smith v. State,* 95 Ga. App. 775 (2) (98 SE2d 606); *Thompson v. Fouts,* 203 Ga. 522 (3) (47 SE2d 571).

The plaintiff argues that she was a holder of the note in due course, without actual knowledge of the agreement, and hence the defense of suretyship could not be invoked against her. *Wilkes v. Pope,* 4 Ga. App. 36 (60 SE 823). Without deciding this question, we will assume she stands "in the shoes" of the payee who transferred the note to her.

"Where two or more persons sign a note apparently as joint principals, and there is nothing in the instrument indicating that some of the makers are principals and others sureties, the presumption of law is that all are joint principals. This presumption, however, may be rebutted, and in an action by the payee against all the makers as joint principals it may be shown by parol evidence that some of the makers are sureties for others, the burden being on those setting up suretyship to establish it; and where they claim to be discharged by some act increasing their risk as sureties, they must further show that the payee knew they were sureties at the time of the occurrence of such act." *Bank of Lumpkin County v. Justus,* 150 Ga. 286 (2) (103 SE 794). See *Bank of LaFayette v. Giles,* 208 Ga. 674 (5) (69 SE2d 78). "In order to establish as a fact that the ostensible maker of a promissory note executed the note as surety only, and not as a principal, it must be shown that the payee con-

tracted with him as a surety; and where the payee did not at the time know that the person signing the note was obligating himself for the payment of the debt of another, it is not established that the payee contracted with the obligor as a surety." *National City Bank v. Whittier*, 41 Ga. App. 221 (2) (152 SE 305); *Hall v. Rogers*, 114 Ga. 357 (1) (40 SE 250); *Seymour v. Bank of Thomasville*, 157 Ga. 99 (1) (121 SE 578). Thus, the vital issue here presented is whether the payee knew that the individual defendant was acting as a surety.

In this case the individual defendant testified that the original payee, D. W. Watson, was aware of the fact that he was acting only as a surety on the note and that the parties had so agreed. The plaintiff's son who represented her deceased husband in the described transactions stated positively that until the suit was filed he had no knowledge that the individual defendant was acting merely as a surety, although the defendant flatly contradicted this. Moreover, the payee, D. W. Watson, who was a witness for the defendant, testified that he did not know the defendant was a surety nor was there any agreement between them to that effect. While the testimony of the witness was somewhat contradictory and not at all clear as to certain material issues, there was some evidence from which the trial judge might find an absence of knowledge of the payee as to the defendant's acting as a surety on the note. Conflicts in the evidence and the credibility of witnesses are questions within the prerogative of the trior of fact and this court will not interfere with his determination of such matters. *Jacobs v. State*, 71 Ga. App. 808 (1) (32 SE2d 403); *Latham v. Duke*, 87 Ga. App. 466, 468 (74 SE2d 403); *Moss v. Moss*, 169 Ga. 734 (151 SE 506); *Butler v. State*, 186 Ga. 556 (1) (198 SE 710).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*