A97A1282. HELLVIG v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(493 SE2d 620)

JOHNSON, Judge.

This action arises out of the breach of a contract for the purchase of an automobile. The trial court granted summary judgment to General Motors Acceptance Corporation ("GMAC"), and Roy Hellvig

appeals. For reasons which follow, we affirm.

The record shows that Hellvig signed a Retail Installment Sale Contract (hereinafter "the contract") with Bill Heard Chevrolet Company on December 22, 1993. The contract was assigned for value to GMAC by Bill Heard Chevrolet Company. Hellvig signed the contract as "Co-Buyer" and Scott Briggs signed the contract as "Buyer." The contract defined a co-buyer as "a person who is responsible for paying the entire debt." Under a separate heading entitled "NOTICE TO COSIGNER," separately signed by Hellvig, the contract stated: "You are being asked to guarantee this debt. Think carefully before you do. If the buyer doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

"You may have to pay up to the full amount of the debt if the buyer does not pay. You may also have to pay late fees or collection costs, which increase this amount.

"The creditor can collect this debt from you without first trying to collect from the buyer. The creditor can use the same collection methods against you that can be used against the buyer, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.

"This notice is not the contract that makes you liable for the debt."

The Bill of Sale prepared by the dealership identified both Hellvig and Briggs as the "CUSTOMER." The credit application identified Hellvig and Briggs as joint applicants. Likewise, a credit life and disability insurance policy financed through the contract appears to identify the two as joint obligors. In addition, the vehicle was jointly titled in the names of both Hellvig and Briggs.

In March 1994, the contract went into default. Briggs filed for Chapter 13 bankruptcy protection in Alabama in May 1994. On January 13, 1995, Hellvig's attorney asserted Hellvig was a surety on the contract and demanded by letter that GMAC commence legal action against Briggs within three months or lose its right to pursue Hellvig. This demand letter notified GMAC that Briggs was residing in California. The demand letter also notified GMAC of the pending bankruptcy action. GMAC admitted it failed to bring any action against Briggs within three months of the demand letter. However, GMAC argues that Hellvig is not relieved of liability under the note because he is not a surety and, therefore, cannot use the demand statutes available to a surety to relieve himself of liability.

On September 25, 1995, GMAC filed suit against Hellvig for the balance due on the contract. GMAC also filed an action in California against Briggs. Hellvig and GMAC both filed motions for summary judgment in the case before us, and the trial court granted GMAC's

motion.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Hellvig does not dispute the amount of the outstanding balance due GMAC under the contract, but asserts that as a surety, his debt was discharged by the January 13, 1995 demand letter. According to Hellvig, the "NOTICE TO CO-SIGNER" provision in the contract defines Hellvig as a guarantor or surety and, therefore, his motion for summary judgment, and not GMAC's, should have been granted. We disagree.

The record establishes that this indebtedness was incurred jointly by Hellvig and Briggs and that both of them are equally liable to GMAC. Hellvig has not contracted to pay the debt of Briggs, but has contracted to pay the joint debt of himself and Briggs. Every document presented as evidence lists Hellvig as a co-buyer, customer or joint applicant. Moreover, it is undisputed that Hellvig received proceeds from the note: the car was jointly titled in his name. See generally *Kerr v. DeKalb County Bank*, 135 Ga. App. 154, 155 (1) (217 SE2d 434) (1975). In addition, there is no evidence in the record that GMAC knew that Hellvig was signing the note as a surety. See *Northcutt v. Crowe*, 116 Ga. App. 715, 717-718 (158 SE2d 318) (1967).

"Where two persons sign a note apparently as joint principals and there is nothing in the face of the note to indicate that one is principal and the other is surety, the law presumes that both are principals. . . . [T]he burden is on those asserting suretyship to establish it. [Cits.]" *United States v. Frost*, 149 FSupp. 386, 389 (2-4) (M.D. Ga. 1957); see *Northcutt*, supra. Hellvig has failed to establish suretyship in this case.

While the first sentence of the Notice to Cosigner states that the cosigner is being asked to "guarantee" the debt, the notice specifically indicates that the creditor can collect from the cosigner without first trying to collect from the buyer and that the notice is not the contract that makes the cosigner liable for the debt. Contrary to Hellvig's contention, the mere use of the word "guarantee" in the notice does not create a suretyship.

Under either Georgia or Alabama law Hellvig is not excused from payment of this debt. See *Salter v. AmSouth Bank*, 487 S2d 927, 929 (5, 6) (Ala. Civ. App. 1985) ("all persons whose names appear on a promissory note as 'makers' or 'borrowers' are primarily and unconditionally liable. . . . As between themselves, comakers occupy the relation of principal and surety but both are liable as principals to the holder of the note."); *Johnson v. King*, 20 Ala. 270 (1852) (a person who signs his name to a note is presumed to be a joint maker in the absence of anything to the contrary on the face of the note).

Based on the foregoing, the trial court did not err in granting

GMAC's motion for summary judgment and denying Hellvig's motion for summary judgment.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 6, 1997.

*Page, Scrantom, Sprouse, Tucker & Ford, James K. Sheek IV*, for appellant.

*McCullough & Pane, John G. McCullough*, for appellee.