A02A1912. HAMPTON v. BANK OF LaFAYETTE.
(578 SE2d 486)

PHIPPS, Judge.

The Bank of LaFayette, Georgia, sued Evelyn Hampton to enforce Hampton's guarantee of two promissory notes executed by her daughter, Lynn Patterson, in favor of the bank. Hampton argues

that a confirmation order entered in federal bankruptcy proceedings instituted by Patterson bars the bank from bringing suit. The trial court rejected this argument and awarded summary judgment to the bank. Because Hampton's guarantee of the promissory notes was not at issue in Patterson's bankruptcy proceedings, we agree that the bank was entitled to summary judgment and affirm.

The two promissory notes executed by Patterson in favor of the bank required the repayment of $18,347.04 (at $382.23 per month) and $3,445.20 (at $114.84 per month), respectively. The larger note was a purchase money loan and was secured by a Chevrolet van. The smaller note was a personal, unsecured loan. Each note was cosigned by Hampton as guarantor. By the express terms of the notes, the bank was authorized to collect the debt from Hampton without trying to collect from Patterson.

After defaulting on both notes, Patterson and her husband filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code.[1] The bank was scheduled as a creditor holding a $14,000 claim payable at $380 per month and secured by a Chevrolet Lumina valued at $13,000.[2] According to the bankruptcy schedule, there was no codebtor. The debtors' Chapter 13 plan, as confirmed by the bankruptcy court, generally provided that cosigned debts be paid after payment of secured claims but before payment of any other unsecured claims.

For reasons which do not appear from the record, the bank failed to file a proof of claim in the Pattersons' federal bankruptcy proceeding. As a result, the Pattersons obtained a discharge in bankruptcy without satisfying the promissory notes, even though (according to Patterson's attorney) the bankruptcy trustee would have paid the notes in full if a proof of claim had been filed.

The bank later sued Hampton in the State Court of Walker County. On cross-motions for summary judgment, the trial court denied summary judgment to Hampton and awarded summary judgment to the bank.

Hampton's position is that because the primary debtor's (Patterson's) confirmed bankruptcy plan would have enabled the bank to obtain full payment of cosigned debts (the promissory notes) from the bankruptcy trustee, the bank is barred from bringing suit to collect the indebtedness from the debtor's cosigner (Hampton). To support her position, Hampton relies on 11 USCS § 1327 (a). It provides: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan,

---

[1] 11 USCS § 1301 et seq.

[2] It thus appears that only the larger of Patterson's two promissory notes to the bank was scheduled as a debt in her bankruptcy proceeding.

and whether or not such creditor has objected to, has accepted, or has rejected the plan."[3]

But "the discharge of debts in a Chapter 13 case only discharges those debts which were included in the plan. [Cit.]"[4] Patterson represented in her bankruptcy plan that she was the sole obligor on the debt owed to the bank, even though Hampton was guarantor of the promissory notes and, therefore, technically a creditor of Patterson's. "[A] guarantor is a creditor because he has a contingent right to payment. The right is contingent upon guarantor's payment to the lending creditor (bank) in lieu of payment by the debtor, thereby entitling the guaranteeing creditor (guarantor) to a claim against the debtor for reimbursement. [Cits.]"[5] Thus, Hampton's guarantee of Patterson's debt to the bank was not included in Patterson's bankruptcy plan.

As argued by Hampton, a bankruptcy plan's assignment of priority to cosigned, unsecured debts over other unsecured claims is a means of ensuring protection of the guarantor through payment of the debt. The bankruptcy debtor's ability to prefer cosigned debts over other unsecured loans is, however, circumscribed by 11 USCS § 1322 (b) (1). Although that statute allows a plan to "designate a class or classes of unsecured claims," it goes on to provide that the plan generally "may not discriminate unfairly against any class so designated." In *In re Ramirez*,[6] cited by Hampton, the plan separated all unsecured debt into classes and gave payment priority to a debt cosigned by a debtor's sister. There, it was held that the debtors had failed to meet their burden of showing that the separate classification of cosigned debt did not unfairly discriminate against other unsecured creditors. Because Patterson's bankruptcy plan did not identify her mother, Hampton, as guarantor of the debt to the bank, the inquiry mandated by 11 USCS § 1322 (b) (1) was never performed, and the guarantor's liability was unaffected.

Hampton's argument to the contrary also finds rejection in 11 USCS § 524 (e). Under it, and its predecessor,[7] "[a] discharge in bankruptcy of a principal debtor from his liability under the terms of

---

[3] See generally *In re Sanders*, 243 BR 326, 328 (N.D. Ohio 2000) (noting that the 11 USCS § 1327 (a) bar to relitigation is broader than both traditional claim preclusion and traditional issue preclusion, in that it bars relitigation of issues that could have been raised in federal bankruptcy proceedings even in the context of different causes of action between the parties).

[4] *In re Doane*, 19 BR 1007, 1009 (W.D. Va. 1982); accord *In re Torres*, 193 BR 319, 323 (N.D. Cal. 1996) (the general principle, that a confirmed plan is res judicata as to all justiciable issues that were or could have been determined at confirmation, is subject to the limitation that the plan must suggest a basis on which to object to the confirmation).

[5] *In re Midwestern Cos.*, 102 BR 169, 171 (W.D. Mo. 1989).

[6] 204 F3d 595 (5th Cir. 2000).

[7] Former 11 USCS § 34.

a contract to which he is a party does not generally operate to discharge his surety or guarantor. [Cits.]"[8] Consequently, in *United States v. Kurtz*,[9] confirmation of a bankruptcy plan that discharged the primary obligor and transferred the obligation to a reorganized debtor did not affect the liability of a guarantor. In contrast, the bankruptcy plan in *Stoll v. Gottlieb*[10] did result in cancellation of debt guaranty because it expressly provided for such cancellation. Similarly, the reorganization plan in *Republic Supply Co. v. Shoaf*[11] made express provision for release of a guarantor. In *Hellvig v. Gen. Motors Acceptance Corp.*,[12] the primary obligor's Chapter 13 bankruptcy proceeding did not affect the liability of the guarantor of the debt where it did not appear that the bankruptcy plan addressed the issue of the guarantor's liability.

The record in this case shows without dispute that although Patterson's bankruptcy plan provided for discharge of her liability on at least one of the promissory notes, it did not address the issue of Hampton's liability as guarantor. Therefore, the bank was entitled to summary judgment in this action against Hampton.

The bank has filed a motion for imposition of sanctions against Hampton for frivolous appeal.[13] Hampton, in turn, has filed a motion for imposition of sanctions against the bank for making remarks personally disparaging to opposing counsel.[14] We deny both motions.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur. Andrews, P. J., not participating.*

DECIDED FEBRUARY 14, 2003.

*Barbara S. Arthur*, for appellant.
*William D. Cunningham*, for appellee.

---

[8] *Bradley v. Swift & Co.*, 93 Ga. App. 842, 856 (2) (93 SE2d 364) (1956).
[9] 525 FSupp. 734, 742 (E.D. Pa. 1981).
[10] 305 U. S. 165 (59 SC 134, 83 LE 104) (1938).
[11] 815 F2d 1046 (5th Cir. 1987).
[12] 229 Ga. App. 232 (493 SE2d 620) (1997).
[13] See Court of Appeals Rule 15.
[14] See Court of Appeals Rule 10.