## EQUITABLE MANUFACTURING COMPANY *v.* BIGGERS.

Where a contract of sale is made, by the conditions of which the purchaser is granted special credit terms upon his executing notes for the purchase-money within a stipulated time after the date of the sale, and he fails to give the notes within the time required by the contract, but the vendor (a non-resident of the State) agrees to extend the time for the making of the notes, upon the express condition that the purchaser will execute a particular set of notes enclosed him in a letter, and the purchaser signs the notes sent to him, after altering them so as to restrict their negotiability and recite their consideration, this is not a compliance with the requirements imposed as a condition to the extension of time; and the vendor may then fall back upon his rights under the original contract of purchase and sale.

Argued November 5, — Decided November 28, 1903.

Complaint. Before Judge Fite. Catoosa superior court. August 3, 1903.

*W. H. Odell* and *R. J. & J. McCamy,* for plaintiff.
*W. E. Mann,* for defendant.

CANDLER, J. The Equitable Manufacturing Company, apparently an Iowa corporation, brought suit against Biggers for $185, alleged to have been the agreed purchase-price of certain jewelry sold by the plaintiff to the defendant. It appeared that the parties had entered into a written contract, dated September 24, 1901, for the sale of the jewelry, in which it was agreed that the goods were to be paid for in four instalments, at intervals of six, twelve, eighteen, and twenty-four months, provided "notes [for the purchase-money] are given within 15 days from date of invoice, otherwise, terms, net cash 30 days." Biggers did not give the notes within the time stipulated in the contract. Numerous letters passed between him and the plaintiff; and on more than one occasion the plaintiff, while urging that Biggers execute and send to it notes for the purchase-price of the jewelry, extended the time within which such notes might be given. On November 6,

1901, all of the previous extensions of time having expired without any notes having been sent to it by Biggers, the plaintiff wrote him a letter, enclosing him a set of notes, and agreeing to again extend the time if, by a date named in the letter, the enclosed notes were signed and returned to it. Biggers altered the notes by restricting their negotiability and reciting their consideration, and, thus altered, he signed them and sent them to the plaintiff, who refused to accept the notes as altered and returned them to him. Thirty days from the sale having elapsed, the plaintiff then brought suit on the contract. At the conclusion of the evidence for the plaintiff, a synopsis of the material portions of which is contained in the foregoing, the court, on motion, granted a nonsuit, " holding that the notes sent and refused by the plaintiff was a compliance with the defendant's contract." To this ruling the plaintiff excepted.

We are clearly of opinion that the grant of a nonsuit was erroneous. If the last extension of time had been accompanied by no conditions as to the character of the notes to be executed by Biggers, probably the ones sent by him would have been a compliance with his contract; for the original agreement between the parties did not specify that the instruments to be executed by the defendant should be of any particular kind, but merely that they were to be "notes." But it affirmatively appears that on the occasion in question additional time was extended the defendant solely on condition that he should sign the particular notes that were sent to him. The plaintiff was under no obligation to grant additional time to the defendant to avail himself of the opportunity to take advantage of its special credit terms, for under his contract he had forfeited his right to those terms. It was at perfect liberty to make the extension of time in that respect conditional upon his signing the particular notes sent him; and upon his failure to do so within the time specified, its suit upon the original contract was well founded. The plaintiff's evidence fully sustained its petition, and a nonsuit should not have been granted.

*Judgment reversed. All the Justices concur.*