*J. A. Wilkes, solicitor-general,* contra.

---

### 6553.  MOCK *v.* KEMP & LEWIS.

WADE, J.  1.  In the written contract of sale, embraced in the note sued on, there was an express agreement by the purchaser to "waive all failure of consideration;" and hence no defects in the horse for which the note was given could be pleaded by way of defense.

2. While fraud voids all contracts, a plea setting up an undisclosed latent defect in a horse would not show such legal fraud as could properly be pleaded against a written contract covering its sale, by which in effect the vendor declines to warrant the soundness of the animal sold. No confidential relation between the parties is alleged, and no misrepresentation was made as to the precise contents of the contract between them. The contract is apparently complete in all its terms, and additional representations at variance therewith can not be ingrafted thereon by parol.

3. The trial judge did not err in sustaining the demurrer to the plea and in thereafter entering up judgment against the defendant.

*Judgment affirmed.*

DECIDED JANUARY 7, 1916.

Complaint; from city court of Sylvania—Judge Evans. April 14, 1915.

The action was on a promissory note which recited that its consideration was a horse sold to the maker by the payees. The note contained the following provisions: "All risks of death or destruction of the property . . shall be upon the undersigned, who binds himself to pay the same in any and all events. I hereby waive all failure of consideration, the said [payees] making no guarantee." The defendant pleaded as follows: "Defendant says that he was induced to sign said note by a misrepresentation of a material fact by plaintiffs in this: that the consideration of said note was a certain black horse, purchased by defendant from plaintiffs, and at the time of the purchase and the execution of said note plaintiffs induced defendant to sign the note by a wilful mis-

representation of the true condition of the horse, which condition could not be discovered by reasonable care and diligence on the part of the defendant, for the reason that the defect in the horse was a latent defect and could be discovered only by driving him a considerable distance. The horse was apparently a very good animal and seemed to be sound and in good condition, but when driven six or seven miles, or when worked to a plow for two or three hours, he would completely give out and be unfit for work the remainder of the day. As soon as defendant discovered the latent defect in the horse he consulted several persons skilled in the diseases of horses, and, under their advice and direction, administered from time to time medicine to said horse, but it made no perceptible improvement, and finally, when defendant had used the horse a few weeks (say six or seven weeks) he went to plaintiffs and offered to return the horse, saying at the time that the horse was unsound when he bought it and was of no value to him. The misrepresentation of the condition of the horse was of a material defect, calculated to deceive defendant, and did deceive him, whereby he signed the note, which was given for a sick and worthless horse at the time of its purchase; which facts were well known to plaintiffs, who wilfully concealed same from defendant and represented the animal to be sound and well. Defendant further says that plaintiffs came to his home, bringing the horse with them, for the purpose of selling said horse to defendant. Plaintiffs represented said horse to be a good family horse and to be well and sound in every respect. Defendant looked at the horse and examined him so far as he was able, and could see no defect in the horse. Apparently the horse was sound, and, relying upon the statements of plaintiffs, he purchased the horse and signed the note. Wherefore defendant says he is not indebted to plaintiffs in the sum sued for, nor in any other sum, and he hereby tenders the horse to plaintiffs in settlement of the note sued on."

The plaintiffs moved to strike the plea, because it set forth no valid defense, and because "the note sued on expressly provides that the plaintiffs made no guarantee and that defendant waived all failure of consideration, and the allegations set forth in said answer will vary the terms of a valid written instrument, and constitute no good defense in law, and are in effect a plea of failure of consideration."

*J. W. Overstreet,* for plaintiffs in error, cited: 134 *Ga.* 288; 92 *Ga.* 279; 2 *Ga. App.* 57; 3 *Ga. App.* 588, 761; 10 *Ga. App.* 362.

*White & Lovett,* contra, cited (in addition to cases cited above): 142 *Ga.* 836; 137 *Ga.* 602; 121 *Ga.* 381; 112 *Ga.* 319; 110 *Ga.* 853; 109 *Ga.* 446; 106 *Ga.* 215; 60 *Ga.* 384; 4 *Ga. App.* 90; 5 *Ga. App.* 251, 385, 392; 11 *Ga. App.* 302; 14 *Ga. App.* 84 (3); 15 *Ga. App.* 62; 16 *Ga. App.* 39.