## NEWSOME *v.* HARRELL.

1. The wrongful conduct of a scrivener, who did not write a contract as instructed, will not relieve the party who directed its preparation, but who failed, through his own negligence, to read it before sending it to the other party, who in good faith accepted it and acted upon it.

(a) If one of two innocent persons must suffer, he who puts it in the power of a third person to inflict the injury must bear the loss.

2. "When the defendant in a civil case introduces no evidence, he is entitled to the opening and conclusion of the argument."

3. There was no merit in any other assignment of error.

NOVEMBER 17, 1916.

Complaint. Before Judge Walker. Glascock superior court. December 9, 1915.

Newsome brought suit against Harrell, to recover the amount due Newsome on an obligation of Henry Dorsey, assumed by Harrell, the suit being based on the following writing, to wit: "Mitchell, Ga., Nov. 9th, 1912. Mr. George Newsome. Dear Sir: —Let Henry come ahead, and I will make the difference between you and him alright. Yours respectfully, S. F. Harrell." Newsome alleged, that the amount due by Henry Dorsey was $49; that plaintiff had released Henry from that obligation, and by virtue of the written instrument above quoted he held Harrell responsible therefor; that the plaintiff, acting upon the faith of the letter above, had also relinquished certain personal property of Henry, and allowed the property to be moved to the farm of Harrell; and that in pursuance of the written agreement Harrell had sent his son in a wagon to the farm of the plaintiff and moved Henry and his property to the farm of Harrell.

The defendant admitted moving Henry to his farm, but in his answer neither admitted nor denied in so many words the written

order quoted, but by way of further answer averred that "the writing set forth in plaintiff's petition is not the writing he authorized, but defendant instructed his son, Willie Harrell, to write plaintiff a note in the following language: Write Mr. Newsome to let Henry come on to my place, and he, defendant would see him, plaintiff, in reference to the difference between him (plaintiff) and Henry, and defendant taking it for granted that his son, Willie Harrell, wrote the note to plaintiff as he, defendant, dictated and instructed him to do, defendant did not read the note, or inspect it after it was written; and that the writing set out in said petition is not the writing dictated or instructed to be written by him to his son, Willie Harrell, said note being written to plaintiff upon the assumption that Dorsey was not due plaintiff but a few dollars, if any amount at all, according to plaintiff's statement to defendant."

The plaintiff introduced evidence to the effect that Henry Dorsey was due him $49 or more. The defendant introduced no evidence, and stated to the court that for that reason he claimed the concluding argument. The court allowed the defendant to open and conclude the argument. The jury found for the defendant. The plaintiff moved for a new trial, which was refused, and he excepted.

*J. C. Newsome,* for plaintiff.

GILBERT, J. (After stating the foregoing facts.)

1. If one signs a written contract without acquainting himself with its contents, he is estopped by his own negligence to ask relief from his obligation, if there is no fraud or artifice in procuring his signature. McCormack *v.* Molburg, 43 Iowa, 561. It is not contended by defendant in error that there was any fraud or artifice in the procuring of his signature to the written contract. He merely insists that he directed his son, Willie, to write an instrument of a different character from that which was written and sent to the plaintiff without having been read by the sender. He does not contend that he was unacquainted with the English language, or that he could not read. In fact no excuse whatever is given, and under such circumstances he will be bound to a performance of his contract. He directed his son to act for him; and if the result of this was that one of two innocent persons must suffer, he who puts it in the power of the third person to

inflict the injury must bear the loss. Park's Code, § 4537; *Ellis v. United States Fertilizing &c. Co.*, 64 *Ga.* 571 (3); *Blaisdell v. Bohr*, 77 *Ga.* 381. Harrell caused his son to execute the written instrument, and to deliver it to Newsome.; and Newsome, having acted upon it, can not be made to suffer on account of the negligence of Harrell in failing to read the instrument before sending it, or on account of the wrongful conduct of the scrivener in failing to write it as instructed.

2. The subject-matter of the second headnote needs no elaboration, further than the citation of the case of *Moore v. Carey*, 116 *Ga.* 28 (5), 34 (42 S. E. 258).

*Judgment reversed. All the Justices concur.*