## 33399. MUTUAL INVESTMENT CORPORATION *v.* FRIEDMAN *et al.*

Decided March 16, 1951.

*Brown & Shoob,* for plaintiff.

*Lewis, Wylly & Javetz,* for defendants.

GARDNER, J. ■ ■ We have set out the allegations of the petition, and the contract sued upon attached as an exhibit thereto, and the answer of the defendants, and the demurrer and answer filed by the plaintiff which the court overruled, and to which ruling exceptions pendente lite were filed, and the verdict of the jury in favor of the defendants, all somewhat in detail, in order to get a clear view of the contentions of the parties. It will be noted that the plaintiff sued on the theory and idea that it was a bona fide purchaser for value of a negotiable instrument before maturity. After having the case submitted to a jury and a verdict returned against it, the plaintiff in its argument here bases its right to a reversal on the exceptions pendente lite, and the overruling of its motion for a new trial on the theory and principle of law to the effect that the defendants are estopped by the terms of the contract from urging the defenses set up in its answer. So we are not concerned here with the proposition as to whether the instrument sued upon is a negotiable one. That theory seems to have been abandoned by the plaintiff, and we think properly so, because there are no provisions in the contract to indicate that the plaintiff is a bona fide purchaser for value of a negotiable instrument, before maturity. Let us inquire as to whether, in the instant case, the defendants are estopped from urging their defense as appears from the record and whether the court erred in permitting them to do so. It is conceded by the plaintiff that there is no question as to the effects of substantial equities which the defendants could assert against the seller if it were the plaintiff in this case. But the question is whether such a defense is sufficient against the plaintiff under the facts of the instant case. In support

of the contentions of the plaintiff counsel cite: 5 C. J. 956; *Newsome* v. *Harrell*, 146 *Ga.* 139 (90 S. E. 855), *Hart* v. *Metropolitan Discount Co.*, 24 *Ga. App.* 807 (102 S. E. 375), *Lilly* v. *Citizens Bank & Trust Co.*, 44 *Ga. App.* 653 (162 S. E. 639), and Williston on Contracts, p. 412, sec. 432, and certain foreign decisions. These authorities deal with the principle of law that if one of two innocent persons must suffer, he who puts it in the power of a third person to inflict injury must bear the loss. That principle of law is not applicable to the facts in the instant case. It will be noted from the contract that the plaintiff had a relation with the seller that impliedly, if not expressly, connected the plaintiff with the seller as not an innocent person on equal terms with the defendants. In fact, it may be inferred from the contract sued upon that the plaintiff had a close relationship if not a partnership in dealings, in such transactions as this record reveals. It is stipulated in the contract itself that the amount of the purchase-price was to be made to the plaintiff, so it appears that there were evidently some prearrangements between the seller and the plaintiff. Indeed, it is clearly inferrable that the plaintiff prepared the contract and inserted the fine print therein and, indeed, it may be further clearly discerned that the plaintiff knew at the time the paper was assigned to it that the freezer had not been delivered and installed. Throughout the whole record it is made plainly to appear that the plaintiff and the seller were in close relationship and contact with each other in this transaction. We might add in this connection that the instrument was made with recourse on the seller to the plaintiff.

■ There are two cases of the Supreme Court which are controlling under the assignments of error here, and which demand an affirmance of the judgment of the court in overruling the demurrer to the answer and in denying the motion for a new trial: First, *Third National Bank of Atlanta* v. *Western & Atlantic R. Co.*, 114 *Ga.* 890(2) (40 S. E. 1016), which reads as follows: "The assignee of a non-negotiable chose in action takes the same subject to the equities existing between the assignor and the debtor at the time of assignment." Second, *Macklin* v. *Blalock*, 133 *Ga.* 550(1) (66 S. E. 265), which reads as follows: "The endorsee of a due-bill, containing no nego-

548

tiable words, is chargeable with notice of all defects in the consideration, although he takes it for value and before due."

In the instant case the special grounds of the motion for a new trial are based upon the admission of certain testimony over objections, in support of the defendants' plea and answer and in the charge of the court and the refusal of the court to charge as to its contentions with reference to the liability of the defendants. In admitting the evidence and in the charge and in the refusal to charge, the court was but dealing with the one question as to whether the defendants were estopped from denying liability under the contract sued upon. The contentions shown both by the general grounds and the special grounds are but a reiteration on the part of the plaintiff, as contended in the demurrer to the defendants' answer, that the contentions of the defendants under their plea and answer are insufficient as a matter of law against the claim of the plaintiff.

The court did not err in overruling the demurrer to the answer nor in overruling the amended motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*