38280. YOUNG *et al.* v. JOHN DEERE PLOW COMPANY.

DECIDED JULY 12, 1960.

134

*Robert B. Williamson*, for plaintiffs in error.

*Jones, Bird, Williams & Howell, Ralph Williams, Jr., Durden & Durden, A. N. Durden*, contra.

BELL, Judge. The plaintiff in error contends that the trial court erred in sustaining the general demurrer and in sustaining the motion to strike his answer. The plaintiff in error further contends that, his answer having been stricken, the court was in error in marking the case in default and, at the next term of court, entering a judgment in favor of the plaintiff because of the default.

The first issue before us is whether the trial court erred in sustaining the general demurrer to the defendants' answer. The briefs of the two parties consider at great length the question of whether the express warranty contained in the contract excludes any implied warranties which are thrust upon the seller by *Code* § 96-301, and further whether the contractual provisions expressly or by necessary implication exclude any implied warranties. We do not consider these contentions determinative and do not deem it necessary to rule on them.

The petitioner originally instituting this controversy is the assignee of the payee of the note sued on. It is of particular importance to point out here that the "sales contract and purchase money note" sued on contains the following provision: "Buyer agrees that, in the event this note is assigned, buyer will not, in any action brought to collect the amount due on the note, assert against any assignee hereof any claim or defense which the buyer may have against the seller, but buyer will settle all claims against the seller directly with the seller."

It is further provided in the "Conditions of sale" on the reverse side of the note: "Buyer acknowledges and agrees that the seller is not an agent of the manufacturer of said goods or of the John Deere Plow Company of St. Louis, but that seller is an inde-

pendent dealer and that the seller has sold said goods for its own account as such. Buyer further agrees that, if said note is assigned by the seller, buyer will make no defense based on any claim against the seller to any effort by any assignee to collect the amount due on said note or to repossess said goods, but buyer will settle all claims against the seller directly with the seller." It is further to be noted that by the terms of the sales contract and purchase money note, the warranties are made by the seller and not by the assignee. The note and contract were duly assigned by the seller, original payee, to the petitioner as evidenced by the exhibits to the petition.

The question therefore arises as to whether the petitioner, as assignee of the seller, is subject to the claim which the buyers, defendants below, have against the seller under the alleged implied warranty. *Code* § 85-1803 provides: "All choses in action arising upon contract may be assigned so as to vest the title in the assignee, but he takes it, except negotiable instruments, subject to the equities existing between the assignor and debtor at the time of the assignment, and until notice of the assignment is given to the person liable." Under the above statute, it naturally follows, if the instrument is non-negotiable, petitioner would be subject to the defense raised by the answer, that is to say, a failure of consideration in that the peanut combine was not suitable for the purpose for which it was sold. However, under the quoted provisions of the note and sales contract and the conditions of sale, the buyer has expressly waived his right to assert any such claims against the assignee of the seller. Contracting parties may waive or renounce what the law has established in their favor provided such waiver or renunciation does not thereby injure others or affect the public interest. *Code* § 102-106. There does not appear to be here any danger of injury to others or any affecting of the public interest by the buyer's having waived his rights under the contracts. Where the debtor in a conditional-sale contract expressly agrees not to set up as a defense to an action on the contract by the assignee thereof any claim he may have had against the assignor of the contract, he waives his right to plead failure of consideration in an action on the contract by the assignee. See *Jones v. Uni-*

*ersal C. I. T. Credit Corp.*, 88 Ga. App. 24, 26 (75 S. E. 2d 822); 44 A. L. R. 2d 162, 164. For additional authority that a party may waive defenses to actions, see *Colson & Sons v. Ellis*, 40 Ga. App. 768 (151 S. E. 654); *Biggers v. Equitable Mfg. Co.*, 124 Ga. 1045 (1) (53 S. E. 674); *Mock v. Kemp & Lewis*, 17 Ga. App. 448 (1) (87 S. E. 608); *Anderson v. International Harvester Co.*, 27 Ga. App. 533 (109 S. E. 417); and *Code* § 102-106; 12 Am. Jur. 682, Contracts, § 181.

For the purposes of this case and since it would in no wise affect the holding here, it is quite unnecessary to decide whether the note sued on is negotiable so as to be excepted from *Code* § 85-1803.

Accordingly, since the answer of the defendants did not represent any issuable defense, the trial court properly sustained the demurrer and the motion to strike the answer of the defendants.

As to the second of the defendants' exceptions, namely, the entry of the judgment in default when the answer was stricken, it is clear that when a plea or answer has been stricken, the case is in default. *Jones v. North American Life Ins. Co. of Chicago*, 46 Ga. App. 647 (168 S. E. 923). Under *Code Ann.* § 110-401, the default may be opened as a matter of right by the filing of defenses within 15 days after the appearance day on payment of the costs. If the case is still in default on expiration of 15 days, the plaintiff may, at any time thereafter, have judgment by default as if every item and paragraph of the petition is supported by proper evidence. Here the claim was for a liquidated amount, the principal sum of the note, plus interest, and attorney's fees of 15% of the principal and interest, as provided by the express terms of the note. While ordinarily attorney's fees are thought to be in the nature of unliquidated damages, it is clear that attorney's fees in a stipulated percentage of a liquidated amount may also be a liquidated claim within the meaning of *Code Ann.* § 110-401. Also see *Code* § 20-506, as amended, and the case of *Moore v. Trailmobile, Inc.*, 94 Ga. App. 892 (1) (96 S. E. 2d 529). In the present case, when the answer was stricken, the case was in default, and since the defendants filed no further pleadings, the trial judge did not err in

entering judgment for the plaintiff at the next term of court. The judgment of the trial court is affirmed.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*