### 41814. SHORT et al. v. GENERAL ELECTRIC CREDIT CORPORATION.

BELL, Presiding Judge. Redi-Mill Corporation entered into an agreement in writing with defendants by which Redi-Mill leased to defendants certain equipment for a rental to be paid in monthly installments. Redi-Mill Corporation assigned its rights in the lease contract to General Electric Credit Corporation, the plaintiff in this action. Thereafter defendants defaulted in payment of installments of rent due under the agreement. Plaintiff declared all of the remaining rent at once due and payable as provided by the contract, and brought

this action to recover the amount of the remaining unpaid rent plus interest and attorney's fees. In their answer defendants pleaded as their defense the breach of Redi-Mill Corporation's warranty of the suitability of the equipment for the purpose for which it was leased. *Held:*

The issue in this case is settled by the unambiguous terms of the quoted paragraph of the contract: "Lessor may assign or otherwise transfer this lease and the rent due or to become due thereunder and when so assigned or transferred, it shall be free of any counterclaim, offset, defense or cross complaint as against such assignee, Lessee reserving such remedies hereunder solely against the Lessor. The term 'Lessor' whenever used in this lease includes Lessor's successors and assigns"

The paragraph means simply that the lessor and any assignee or successor of the lessor (each of whom in turn succeeded to the title "lessor") could transfer its rights in the contract free from claims and defenses which the lessee might have against the transferor lessor. The lessee could assert those claims and defenses only against the transferor lessor and not against the transferee lessor. In other words, the claims and defenses the lessee might have against the lessor do not follow or go with the instrument to any assignee of the lessor. Thus, defendants' answer stated no defense as against this plaintiff who was an assignee of the original lessor, and the trial court did not err in sustaining plaintiff's general demurrer, striking the defendants' answer, and entering judgment for the plaintiff.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

SUBMITTED FEBRUARY 9, 1966—DECIDED APRIL 6, 1966.

*Telford, Wayne & Greer, Joe K. Telford, Dent Bostick,* for appellants.

*Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellee.