48118. GRIMES et al. v. COMMUNITY LOAN & INVESTMENT CORPORATION OF COLUMBUS.

PANNELL, Judge. On May 10, 1972, defendants, as "buyers," executed an instrument denominated a "Retail Instalment Contract." The contract shows the "seller" to be the Richmond-Meadows College of Business and describes the articles sold or services rendered as "Med. Secretary Course," with a cash price of $490.

Immediately preceding the space provided for the signatures of the parties, the following provision appears: "Unless buyers mail to assignee of this contract, within ten (10) days after notice of such assignment has been mailed to the buyers, a written notice of facts giving rise to a claim or defense arising out of this sale, the buyers shall not assert against such assignee any claim or defense arising out of this sale. Buyers waive all homestead and other property exemption permitted to be waived."

On May 10, 1972, the date on which the aforesaid instrument was

executed, it was assigned to the plaintiff, Community Loan and Investment Corp. of Columbus, which gave defendants written notice thereof on May 11, 1972. The defendants made the June and July payments on the contract, but failed to make the August payment. The plaintiff declared the entire amount due, gave the usual attorney fees notice, and then instituted suit against the defendants. Thereafter, the defendants answered with a general denial and alleged "that the alleged contract was made between defendants and Richmond-Meadows College of Business and that said college of business caused a failure of consideration of said contract thereby discharging defendants from any legal obligation to pay same." Subsequently, the defendants filed a third party complaint against "Richmond-Meadows" alleging the failure of consideration as the failure to provide the agreed course of instruction (Med. Sec.).

The defendants served certain interrogatories on the plaintiff, five of which the plaintiff objected to, which sought information about similar contracts signed by other persons, and sought information which might show that the plaintiff could not be a holder in due course. The plaintiff made a written motion to strike the defendants' defense of failure of consideration based on the waiver provision of the contract. The trial judge sustained the objections to the interrogatories and the motion to strike the defense of failure of consideration. The trial judge certified his decisions for immediate review. *Held:*

1. The contract in question is not a negotiable instrument as defined by the Uniform Commercial Code (see Code Ann. §§ 109A-3—104 through 109A-3—112; Ga. L. 1962, pp. 156, 239), but comes within the Retail Instalment & Home Solicitation Sales Act (Ga. L. 1967, p. 659 et seq., as amended; Code Ann. Ch. 96-9). See *Geiger Finance Co. v. Graham,* 123 Ga. App. 771 (182 SE2d 521); *Reese v. Termplan, Inc., Bolton,* 125 Ga. App. 473, 474 (188 SE2d 177).

2. "Laws made for the preservation of public order or good morals cannot be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." Code § 102-106. This statute is derived from one of the oldest of maxims, "Modus et conventio vincunt legem," which, being translated, asserts that "The form of agreement and the convention of parties overrule the law." Justice McCay, writing for the court in *Western & A. R. Co. v. Bishop,* 50 Ga. 465,

said: "So far as I know, this ancient rule is applicable to all the private relations in which men may place themselves towards each other." See *Jones v. Universal C. I. T. Credit Corp.,* 88 Ga. App. 24, 26 (75 SE2d 822); *Young v. John Deere Plow Co.,* 102 Ga. App. 132 (115 SE2d 770); *Short v. General Electric Credit Corp.,* 113 Ga. App. 476 (148 SE2d 450). However, the language of the contract does not constitute waiver by the buyers in favor of the assignee of any claim or defense arising out of the sale, regardless of when such claim or defense arose. This waiver requires that buyers, after receiving notice of the assignment, must within 10 days give a written notice of facts giving rise to a claim or defense arising out of the sale. That can only refer to the facts giving rise to a claim or defense arising out of the sale *prior* to the time the notice is given. The immediately subsequent language "the buyers shall not assert against such assignee any claim or defense arising out of this sale" must necessarily refer only to those claims and defenses arising out of the sale occurring prior to the time required for the notice. It not appearing from the defenses interposed claiming a failure of consideration just when the failure occurred, the defenses on their face were not subject to the motion to strike because of the waiver provision.

The case of *Geiger Finance Co. v. Graham,* 123 Ga. App. 771, supra, is not authority, as contended by the defendants, that the waiver provision involved is ineffective to prevent the assertion of defenses covered by it. We merely decided it was not a negotiable paper. The enumeration of error there related to the refusal of the trial court to direct a verdict based on the contention that the paper was negotiable. There was no question raised nor any ruling in the trial court relative to the agreement not to defend, or the waiver of defenses contained in the contract in that case, and hence, that question or issue was not before this court on appeal. The trial judge erred in striking the defenses here.

3. The trial judge did not err in sustaining the plaintiff's objections to five of the defendant's interrogatories, which were formulated so as to determine whether the plaintiff was a holder in due course of the retail instalment contract. The contract not being a negotiable instrument is subject to all defenses not waived, and as to the defenses waived it is immaterial whether or not the plaintiff purchased the contract with notice thereof.

*Judgment reversed in part; affirmed in part. Bell, C. J., Deen, Quillian and Evans, JJ., concur. Hall, P. J., Eberhardt, P. J., Clark and Stolz, JJ.,* dissent.

Submitted May 2, 1973 — Decided October 16, 1973.

*Roberts, Moore, Worthington & Hawkins, Samuel W. Worthington, III,* for appellants.

*William L. Slaughter,* for appellee.

Stolz, Judge, dissenting. I concur in Divisions 1 and 3 of the majority opinion, but respectfully dissent from the construction placed on the waiver provisions of the contract expressed in Division 2 of the majority opinion. I cannot agree that the provisions in the contract by which the buyers (appellants) agreed that unless, within 10 days after notice of its assignment mailed to the appellant buyers, a written statement of facts giving rise to a claim or defense arising out of the sale be mailed by the buyer to the assignee (or words to this effect), the buyer shall not assert any claim or defense arising out of the sale only "refers to facts giving rise to a claim or defense arising out of the sale *prior* to the time notice is given." To place such an interpretation on the language of the waiver, not only severely restricts the interpretation of the waiver provisions in the cases cited in the majority opinion from this court without specifically qualifying those cases, but also places extreme limitation on cases construing waiver decided by the Supreme Court, which this court is powerless to do. See *Western & A. R. Co. v. Bishop,* 50 Ga. 465, supra; *Biggers v. Equitable Mfg. Co.,* 124 Ga. 1045 (1) (53 SE 674); *Mock v. Kemp & Lewis,* 17 Ga. App. 448 (1) (87 SE 608); *Anderson v. International Harvester Co.,* 27 Ga. App. 533 (109 SE 417); *Colson & Sons v. Ellis,* 40 Ga. App. 768 (6, 7) (151 SE 654); *Jones v. Universal C. I. T. Credit Corp.,* 88 Ga. App. 24, 26, supra. If the buyers (appellants) executed a contract containing a valid waiver, they are bound by those provisions of the contract as strongly as any other provision.

I am authorized to state that Hall, P. J., Eberhardt, P. J., and Clark, J., concur in this dissent.