### 51078. DALTON AMERICAN TRUCK STOP, INC. v. ADBE DISTRIBUTING COMPANY, INC.

DEEN, Presiding Judge.

1. The appellee ADBE sued for the balance due on a lease contract for surveillance equipment assigned to it by the original lessor, Zukunst, Inc. The written contract lists the components of the surveillance and intercom system, the monthly rental payments, the term for which it is rented and the parties. Defendant signed the lease. While certain elements remain unclear (for example, the identity of Plans A and B referred to therein), all essentials of a valid contract are present. Code § 20-107. It does not appear from the face of the complaint either that there has been a material alteration subsequent to execution or that the action is premature. Notice of acceleration of the debt and demand for attorney fees was added by amendment. The motion to dismiss for failure to state a claim was properly denied.

2. A motion for more definite statement "shall point out the defects complained of and the details desired." The defendant's motion fails to meet these requirements and was properly overruled.

3. In *Short v. General Elec. Credit Corp.,* 113 Ga. App. 476 (148 SE2d 450), it was held that a clause in a lease by which the lessee agrees to waive defenses as against a transferee or the lessor and reserves them against the lessor alone is valid and enforceable. This lease contains the following provision: "Lessor may assign this lease. . . free from all defenses, setoffs or counterclaims of any kind or character which Lessee may be entitled to assert against Lessor. . . it being agreed that any assignee of Lessor does not assume any obligations of the Lessor herein named. It is further understood and agreed, however, that Lessee may separately claim against Lessor as to any matters which Lessee may be

entitled to assert," etc.

Accordingly, the stricken defenses, relying on allegations of fraud on the part of the original lessor and seeking recovery of lost profits, etc., allegedly resulting therefrom, must, under the agreement, be claimed directly against the original lessor, not against its assignee.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 24, 1975 — REHEARING DENIED NOVEMBER 18, 1975 — 

*William O. Green, Jr., Larry K. Butler,* for appellant.
*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge,* for appellee.