## 54992, 54993. DALTON AMERICAN TRUCK STOP, INC. v. ADBE DISTRIBUTING COMPANY, INC.; and vice versa.

McMurray, Judge.

This dispute arose from a contract for the lease of certain security equipment for a truck stop business.

In *Dalton Am. Truck Stop v. ADBE Distributing Co.*, 136 Ga. App. 606 (222 SE2d 61), this court affirmed the striking of certain defenses (9, 10 and 11) of the defendant, Dalton American Truck Stop, Inc., including the allegations of fraud on the part of the original lessor (Security Communications Systems, Inc.) and Zukunst, Inc. (an assignee), Blackshear, Eiberger, Franks and the plaintiff; the recovery of lost profits (reduction of profits by reason of the failure of the equipment to function), and attorney fees. Defense Number 1 was granted in favor of defendant Manis who is no longer in the case. Defenses 2 and 4 were eliminated, the trial court denying the defendants' motions to dismiss and for more definite statement. This ruling was also affirmed in Divisions 1 and 2 by this court on the first appearance.

The trial court also denied the defendant's third defense seeking to dismiss because plaintiff was not a duly qualified or authorized corporate entity. Defendant's 13th defense was sustained by the trial court, but plaintiff was given ten days within which to amend to correct the defect as to the failure to state a demand for attorney fees. The trial court also denied a motion to dismiss the 12th defense. Plaintiff amended again seeking the attorney fees but on motion to dismiss this amendment, same was sustained. However, on January 25, 1977, before trial, plaintiff again amended seeking attorney fees.

On the 24th of April, 1975, plaintiff separately sought to dismiss the defendant's 5th, 6th and 7th affirmative defenses, but this motion was apparently denied on April 28, 1975, as not timely made and filed "within 30 days of service of answer," although on a motion to strike this motion to dismiss, same is marked "overruled" by the trial court.

Thus, the remaining defenses shortly before trial were a total failure of consideration (5th Defense), partial

failure of consideration (6th Defense); payment of all indebtedness (7th Defense); denial of indebtedness (8th Defense) and allegations of fraud of the plaintiff together with others (12th Defense).

At the trial defendant reserved its "opening statement for the end of plaintiff's evidence." Plaintiff then substituted and proved a new and different contract over objection. However, plaintiff moved to conform the pleadings to the evidence which was granted, as the contract submitted in evidence was somewhat different from the document attached to the pleadings. See Code Ann. § 81A-115 (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). After defendant made its opening statement, but prior to the introduction of any evidence by defendant, plaintiff made its motion for directed verdict, which was granted, and judgment pursuant thereto was entered on May 2, 1977. In this order the trial court also struck all the defendant's defenses. Defendant filed its notice of appeal from that judgment on May 10, 1977.

On July 11, 1977, defendant filed its motion to set aside the judgment. Plaintiff responded with its motion to dismiss defendant's motion to set aside the judgment which was filed on July 28, 1977, and also filed its motion to dismiss notice of appeal which was filed on August 1, 1977. On August 22, 1977, plaintiff filed its "Notice of Cross-Appeal" which excepted to the failure of the trial court to grant its motion to dismiss defendant's notice of appeal. Plaintiff's motion to dismiss defendant's notice of appeal was denied on August 31, 1977. The trial court entered an order, regarding defendant's motion to set aside the judgment and plaintiff's motion to dismiss defendant's motion to set aside the judgment, on September 12, 1977, the construction of which is contested. *Held:*

1. "A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case..." Code Ann. § 81A-150 (a) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). Under this rule the trial judge had no authority to direct a verdict for the plaintiff on motion of the plaintiff prior to the presentation of defendant's evidence. *Kay Enterprises v.*

*Shawmac, Inc.,* 124 Ga. App. 225 (2) (183 SE2d 503).

Of course, if the judgment be right for any reason, it will be affirmed. *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386); *Stahl v. Russell,* 206 Ga. 699 (2) (58 SE2d 135); *Hill v. Brooks,* 133 Ga. App. 138, 140 (4) (210 SE2d 176). However, judgment was not demanded in favor of the plaintiff for defendant still had certain defenses to the complaint, it not being in default, and the case now involved a substituted contract.

Nothing found in *Short v. General Elec. Credit Corp.,* 113 Ga. App. 476 (148 SE2d 450), involves the waiver of the defense of fraud against the plaintiff, albeit lessee-defendant contracted not to assert "all defenses, set-offs or counterclaims of any kind or character which Lessee may be entitled to assert against Lessor." However, lessee did not expressly waive same as against an assignee since the new contract refers to "waiting" and is ambiguous as to its meaning. The ruling in *Dalton Am. Truck Stop v. ADBE Distributing Co.,* 136 Ga. App. 606, 607, supra, merely struck the defenses relying on allegations of fraud on the part of the original lessor as to the contract there attached to the petition, and the contract in evidence is somewhat different. The trial court erred in striking the remaining defenses and in granting the directed verdict.

2. The trial court did not err in allowing the amendment, substituting the original contract by and between the parties in lieu of the contract attached as an exhibit to the complaint.

3. Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077) requires that notice of appeal be filed within 30 days of the entry of an appealable judgment and notices of cross appeal within 15 days from service of the notice of appeal in the main case by the appellant. In this case, the document captioned "Notice of Cross-Appeal" was filed more than 15 days after service and more than 45 days after the notice of appeal. This court, therefore, has no jurisdiction to entertain it. *Flintwood, Inc. v. Johnson,* 134 Ga. App. 78, 79 (213 SE2d 180). Even if the caption, "Notice of Cross-Appeal," is considered a misnomer and this document considered a notice of an independent appeal,

we note that it complains not of any judgment, but of the failure of the trial court to grant plaintiff's motion to dismiss notice of appeal and would be premature as the trial court's order denying plaintiff's motion was filed on August 31, 1977, or a week after the document captioned "Notice of Cross-Appeal" was filed. See *Herrington v. Herrington,* 230 Ga. 94 (195 SE2d 654); and *Benton v. Smith,* 226 Ga. 722, 723 (177 SE2d 230). Under either analysis the cross appeal must be dismissed.

4. We need not resolve the difference of opinion which the parties have regarding the construction of the order entered September 12, 1977, on defendant's motion to set aside the judgment and plaintiff's opposing motion to dismiss defendant's motion to set aside the judgment. The notice of appeal in this case was filed on May 10, 1977, prior to these motions and order thereon. The filing of a notice of appeal serves to supersede a judgment and while on appeal the trial court is without authority to modify such judgment. Accordingly, any attempt to vacate judgment before this court on appeal was a nullity. See *Aetna Cas. &c. Co. v. Bullington,* 227 Ga. 485 (1) (181 SE2d 495); *Jackson v. Martin,* 225 Ga. 170 (2b), 172 (167 SE2d 135).

*Judgment reversed in case no. 54992. Appeal dismissed in case no. 54993. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED
MAY 12, 1978.

*Green & Butler, Larry K. Butler, William B. Cherry, Jr.,* for appellant.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr.,* for appellee.