### 75316, 75317. AVERY v. KEY CAPITAL CORPORATION
(two cases).
(368 SE2d 364)

McMurray, Presiding Judge.

In Case No. 57317 plaintiff Avery's complaint sought damages for fraud and breach of contract from defendants Key Capital Corporation (Key) and Spreen Leasing, Inc. (Spreen). Avery's complaint alleges that Key and Spreen jointly leased to her a 1983 Mercedes Benz having falsely represented that the automobile was a 1984 model. Case No. 75316 is a foreclosure of personal property action filed by Key against Avery, predicated on Avery's failure to make certain rental payments on the automobile.

These appeals arise from the grant of a motion for summary judgment in favor of Key and against Avery in each case. The state court also ordered that Key be removed as a party defendant in Case No. 75317. *Held*:

1. Avery and Spreen were parties to the lease contract. The lease contract was embodied in a form which was provided to Spreen by Key. The lease contract authorized Spreen to assign the lease to Key.

Spreen assigned its interest in the contract to Key. Key, as the assignee of a non-negotiable chose in action, takes the same subject to the equities existing between the assignor and the debtor at the time of assignment. *Mutual Investment Corp. v. Friedman*, 83 Ga. App. 544, 547 (1 (b)) (64 SE2d 298); *American Security Van Lines v. Amoco Oil Co.*, 133 Ga. App. 368, 371 (210 SE2d 832).

Key relies upon two contractual provisions to sustain the state court's grant of summary judgment in its favor. One of these is contained within the contract by which the automobile lease was assigned by Spreen to Key. While the lease agreement explicitly antici-

pates assignment by Spreen to Key, the assignment contract is irrelevant. Avery was not a party to the assignment contract, nor are its terms incorporated into the lease agreement.

The remaining contractual provision at issue is the language emphasized in the following excerpt from the lease agreement: "Warranties. The Vehicle shall have the benefit of the manufacturer's new car warranties or guarantees that apply to the Vehicle or its accessories. Dealer and [Key] make no other warranties, express or implied, regarding the Vehicle, including warranties of MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. *I [Avery] understand and agree that all complaints or claims that I have regarding the Vehicle, its accessories, or its operation will be asserted by me only against the manufacturer or its authorized dealers.*" (Emphasis supplied.)

Key argues that the emphasized language precludes any contract action against it by Avery. Undoubtedly a lease may permit a lessor to assign the lease and provide that the assignee take free from all defenses or claims which the lessee might have. See *Short v. Gen. Elec. Credit Corp.*, 113 Ga. App. 476 (148 SE2d 450); and *Dalton American Truck Stop v. ADBE Distrib. Co.*, 136 Ga. App. 606 (222 SE2d 61); *Chattahoochee Holdings v. Marshall*, 146 Ga. App. 658, 660 (1) (247 SE2d 167). However, in the cases sub judice such does not appear to be the intent of the language at issue. The language at issue plainly addresses warranty matters relating to the "Vehicle" identified in the lease. Avery's complaint and claims are not "regarding the Vehicle," but that she never received possession of the 1984 "Vehicle" identified and described in the lease.

Therefore, Key is subject to the equities existing between Spreen and Avery at the time of the assignment. *Mut. Investment Corp. v. Friedman*, 83 Ga. App. 544, 547 (1 (b)), supra; *American Security Van Lines v. Amoco Oil Co.*, 133 Ga. App. 368, 371, supra. Genuine issues of material fact remain concerning the relative merits of the claims and counterclaims of Avery and Key. The state court erred in granting summary judgments in favor of Key and against Avery, and in removing Key as a party defendant in Case No. 75317.

2. Avery's fifth enumeration of error complains that Rule 3.2 of the Uniform Rules for the State Court was misapplied. Avery moved pursuant to Rules 4.7 and 4.8 of the Uniform Rules to reschedule these cases before the proper state court judge. However, the record fails to reveal any ruling upon this motion nor does the record conclusively support Avery's position on this matter. This enumeration of error is without merit.

*Judgments reversed. Banke, P. J., Pope, Benham and Beasley, JJ., concur. Birdsong, C. J., Deen, P. J., Carley and Sognier, JJ., concur in part and dissent in part.*

SOGNIER, Judge, concurring in part, dissenting in part.

I respectfully dissent to the majority's reversal of the trial court's grant of summary judgment in favor of Key Capital in Case No. 75317 in which Avery sought damages for fraud and breach of contract as a result of that fraud against Key Capital. The record in this case does not support a claim by Avery against Key Capital for actual fraud in that Avery failed to adduce any evidence to rebut Key Capital's affidavit testimony that it believed the car Avery leased from Spreen to be a 1984 Mercedes Benz. Knowledge that a representation is false being an essential element in a fraud action, see *Eckerd's Columbia v. Moore*, 155 Ga. App. 4, 5 (270 SE2d 249) (1980), summary judgment in favor of Key Capital was demanded as a matter of law insofar as any issue involving Key Capital's own participation in any wrongdoing is concerned. See generally *U-Haul Co. v. Dillard Paper Co.*, 169 Ga. App. 280, 282 (312 SE2d 618) (1983).

I disagree with the majority that Key Capital can be held affirmatively liable to Avery for damages solely on the basis of its status as Spreen's assignee in the absence of any language in the assignment expressly making Key Capital so liable. Avery is not asserting the equities of the situation (namely, Spreen's alleged fraudulent representations) as a *defense* in Case No. 75317, which thereby distinguishes the cases cited by the majority. The equities are asserted as a defense in Case No. 75316, Key Capital's foreclosure action against Avery, and I concur completely with the majority's holding reversing the grant of summary judgment in favor of Key Capital in that case since, in the absence of language in the lease itself limiting lessee's claims for damages to the transferor lessor, compare *Short v. Gen. Elec. Credit Corp.*, 113 Ga. App. 476 (148 SE2d 450) (1966); *Dalton American Truck Stop v. ADBE Distrib. Co.*, 136 Ga. App. 606 (3) (222 SE2d 61) (1975), Avery's claims of breach of contract and fraud are viable defenses against the foreclosure action. In Case No. 75317, however, Avery seeks to hold Key Capital affirmatively liable for the fraudulent activities of Key Capital's assignor, thereby making Spreen's liability that of Key Capital. "An assignee of a conditional sale contract is not personally liable to the conditional vendee for the damages sustained by such vendee because of breach of warranty or false representations by the conditional vendor. [Cits.] A counterclaim or offset against an assignee based on a claim against the assignor can only be used defensively; it cannot be used affirmatively. [Cit.]" *First Acceptance Corp. v. Kennedy*, 95 FSupp. 861, 872 (N.D. Iowa 1951).

A Minnesota case very much like the case at bar, discussing the rights of members of a consumer buying club who brought suit against the assignee of the membership contracts, is *Meyers v. Postal Fin. Co.*, 287 NW2d 614 (SCt. Minn. 1979). In that case, the Supreme

Court of Minnesota noted: "Generally, when contract rights are assigned, the assignee's right to collect under the contract from the account debtor (here, plaintiffs) is subject to those defenses, set-offs, and counter-claims which the account debtor could assert against the assignor. [Cits.] . . . Thus, in the instant case, [the assignor's] alleged fraud and deceptive practices would probably be a valid defense to any further collections under the contract by [the assignee]. However, . . . plaintiffs [account debtors] seek to hold [the assignee] affirmatively liable for the return of money paid by plaintiffs on these contracts in the past and for money damages. The law in Minnesota, as in most jurisdictions, holds that the assignment of a contract does not impose upon the assignee the duties or liabilities imposed by the contract on the assignor in the absence of the assignee's specific assumption of such liabilities. [Cits.] Here, plaintiffs have introduced no evidence of an assumption by [the assignee] of any of [the assignor's] obligations or liabilities to plaintiffs on these contracts. Therefore, although [the assignor] may have failed to perform on the contracts or made misrepresentations to plaintiffs, [the assignee] is not consequently liable solely because of its status as an assignee." Id. at 617.

"[I]t is a cardinal rule of law that one cannot plead fraud against A because B has misled or taken advantage of him." *Johnson v. Durrence*, 136 Ga. App. 439, 442 (221 SE2d 652) (1975). In the absence of any evidence that Key Capital contractually or otherwise assumed Spreen's liabilities, I cannot agree with the majority that Key Capital is liable to Avery solely on the basis that Key Capital was the assignee of Avery's contract with Spreen. Accordingly, I would affirm the trial court's grant of summary judgment in favor of Key Capital in Case No. 75317.

I am authorized to state that Presiding Judge Deen and Judge Carley join in this dissent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED APRIL 1, 1988 — ▇▇▇▇▇▇▇▇▇

*G. Kennedy McLeod, Jr.*, for appellant.
*William K. Carmichael, John R. Hunt, Timothy W. Hewett*, for appellee.