### 45743. KEY CAPITAL CORPORATION v. AVERY.
#### (376 SE2d 886)

BELL, Justice.

This case arises from a contract for the lease of a 1984-model car between the lessee, Linda Avery, and the lessors, Key Capital Corporation and Spreen Leasing, Inc. After entering into the lease, Avery discovered that the car the lessors delivered to her was actually a 1983 model. She sued the lessors for damages on theories of fraud and breach of contract. The trial court granted summary judgment to Key Capital on both claims, but the Court of Appeals reversed the judgment, *Avery v. Key Capital Corp.*, 186 Ga. App. 712 (368 SE2d 364) (1988). We then granted a writ of certiorari.

In this opinion we shall consider two issues: First, whether there was a genuine material issue of fact concerning Avery's claim of fraud, and, second, whether certain language of the lease precluded Avery from claiming breach of contract against Key Capital. For the reasons that follow, we answer the first question in the negative and the second question in the positive.

1. Concerning the fraud claim, Judge Sognier, in a dissenting opinion joined by two other judges, wrote that:

[t]he record in this case does not support a claim by Avery against Key Capital for actual fraud in that Avery failed to adduce any evidence to rebut Key Capital's affidavit testimony that it believed the car Avery leased from Spreen to be a 1984 Mercedes Benz. Knowledge that a representation is false being an essential element in a fraud action, [cit.], sum-

---

mary judgment in favor of Key Capital was demanded as a matter of law insofar as any issue involving Key Capital's own participation in any wrongdoing is concerned. [Cit.]

*Avery*, supra, 186 Ga. App. at 714.

After reviewing the record and hearing oral arguments in this case, we conclude that Judge Sognier was correct in his appraisal of the fraud issue. We therefore reverse the opinion of the Court of Appeals, insofar as it reversed the trial court's grant of summary judgment to Key Capital regarding Avery's claim of fraud.

2. In the course of considering Avery's claim for breach of contract, the Court of Appeals addressed the following language in the contract:

> *Warranties.* The Vehicle[1] shall have the benefit of the manufacturer's new car warranties or guarantees that apply to the Vehicle or its accessories. Dealer[2] and Capital make no other warranties, express or implied, regarding the Vehicle, including warranties of MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. I [Avery] understand and agree that all complaints or claims that I have regarding the Vehicle, its accessories, or its operation will be asserted by me only against the manufacturer or its authorized dealers.

Key Capital had argued, as it continues to argue before this court, that the last sentence of this paragraph prevented Avery from suing Key Capital on the contract. Noting this argument, the Court of Appeals held that:

> Undoubtedly a lease may permit a lessor to assign the lease and provide that the assignee take free from all defenses or claims which the lessee might have. [Cits.] However, in the cases sub judice such does not appear to be the intent of the language at issue. The language at issue plainly addresses warranty matters relating to the "Vehicle" identified in the lease. Avery's complaint and claims are not "regarding the Vehicle," but that she never received possession of the 1984 "Vehicle" identified and described in the lease.

---

[1] Defined elsewhere in the lease agreement as "1984 300D Mercedes-Benz 5 [cylinder] 4DR Deep Blue [vehicle ID number]."

We note that, except for the model year, this description matched the car that was delivered to Avery.

[2] Defined elsewhere in the lease as Spreen Leasing, Inc.

*Avery,* supra, 186 Ga. App. at 713.

We find ourselves unable to agree that Avery's claim did not involve a warranty matter relating to the vehicle identified in the lease. Avery's claim is founded on the facts that she received a car that did not match the described vehicle in one respect; that she retained the car after she discovered the single discrepancy; and that she suffered damages from the discrepancy. Under these circumstances, we cannot conclude, as did the Court of Appeals, that the gravamen of her claim is that she never received possession of the vehicle identified and described in the lease. Instead, we think that it is more accurate to interpret Avery's suit as asserting a claim for breach of warranty. Cf. *Horne v. Claude Ray Ford Sales,* 162 Ga. App. 329 (4) (290 SE2d 497) (1982). In essence, her claim affirms the contract, but seeks damages for breach of the express warranty that the vehicle was a 1984 model. The claim therefore concerns a warranty matter relating to the vehicle identified in the lease, and we hold, accordingly, that the lease language that required her to assert such claims only against the manufacturer or its authorized dealers barred her claim against Key Capital.

We therefore reverse the judgment of the Court of Appeals with respect to Avery's claim against Key Capital for breach of contract.

*Judgment reversed in part. All the Justices concur.*

DECIDED MARCH 16, 1989.

*Stokes, Lazarus & Carmichael, William K. Carmichael, John R. Hunt,* for appellant.

*McLeod & Associates, G. Kennedy McLeod,* for appellee.

*Long, Aldridge & Norman, W. Stell Huie,* amicus curiae.